## MARIAN MESITE *vs.* THE INTERNATIONAL SILVER COMPANY.

Third Judicial District, New Haven, June Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

When an appellant does not seek to correct the finding of a compensation commissioner, the evidence should not be made a part of the record. This rule should be observed by both the clerk and counsel.

The compensation commissioner found that the decedent's employment as a sand-buffer, extending through a period of sixteen or seventeen years, required him to hold against a rapidly revolving wheel, in one hand, sand moistened with oil and, in the other, the article to be buffed. This operation threw into the air immediately surrounding the wheel minute particles of sand, the inhalation of which irritated the decedent's lungs, weakened their resistance and rendered them more likely to infection from tubercle bacilli, and finally resulted in the development of pulmonary tuberculosis which progressed until it caused a total incapacity for work and, eventually, his death. No other possibility of tubercular infection appeared. *Held* that, upon these facts, the chain of causation between the employment and the disease was complete and unbroken; that the conditions under which the decedent was required to work were the direct and proximate cause of the disease; and that the plaintiff was entitled to an award.

Argued June 8th—decided July 30th, 1926.

APPEAL by the defendant from a finding and award of the compensation commissioner for the third district in favor of the plaintiff, taken to the Superior Court in New Haven County and tried to the court, *Simpson, J.;* judgment rendered dismissing the appeal and affirming the finding and award, from which the defendant appealed. *No error.*

*Cornelius J. Danaher,* for the appellant (defendant).

Mesite *v.* International Silver Co.

*George E. Beers* and *Denis T. O'Brien, Jr.,* with whom, on the brief, was *James E. Wheeler,* for the appellee (plaintiff).

WHEELER, C. J.  The defendant-appellant does not assign as a ground of appeal the correction of the finding; the clerk was therefore in error in causing the transcript of the evidence to be printed.  The practice outlined in *Biederzycki* v. *Farrel Foundry & Machine Co.,* 103 Conn. 701, 708, 131 Atl. 739, should be observed by counsel as well as the clerk.

The only assignment of error legally arising on the appeal is that the injuries suffered by the decedent did not arise out of and in the course of his employment upon the facts set forth in the finding.  To determine this question of law we must have before us the salient facts upon which the award was made.  The decedent was, on April 19th, 1924, and for a period of eighteen years prior thereto had been, in the employ of the defendant, and for the past sixteen or seventeen years had been employed as a sand buffer.  This operation required the decedent to hold with one hand sand moistened with oil against a small rapidly revolving wheel, and with the other hand to hold the work to be buffed against the wheel.  Pieces of cloth are hung in front of the wheel to protect the operator from the flying sand. The operation causes minute particles of sand to be thrown into the atmosphere immediately surrounding the wheel, and some of the particles collect upon the face, hands and clothing of the operator, although these particles do not fly about so as to fill the room with dust.  During a period of years prior to April 19th, 1924, the decedent inhaled minute particles of sand thrown out during the buffing process.  The inhalation of these particles and the irritation thus set up, weakened the resistance of the lungs of the decedent and

rendered them more likely to infection. Prior to February, 1924, he was not suffering from tuberculosis. At some time between February and July, 1924, the lungs of the decedent, because of the weakened resistance due to the inhalation of the particles of sand, yielded to infection from the tubercle bacilli, and the decedent, in consequence, began to suffer from pulmonary tuberculosis, which progressed until, on April 19th, 1924, he was forced to stop work, and was totally incapacitated for work on account of the tuberculosis up to April 1st, 1925, when he died of this disease. There was no possibility of infection of the tubercle bacilli other than from the inhalation of these particles of sand.

Upon this finding the inhalation of the particles of sand by the decedent weakened the power of resistance of his lungs to infection from the tubercle bacilli, and in consequence the lungs yielded to the infection and pulmonary tuberculosis developed. The chain of causation between the employment and the tuberculosis is complete and unbroken. The conditions under which the decedent's employment was carried on caused him to inhale the particles of sand, their inhalation broke down the power of resistance in his lungs to infection from the tubercle bacilli, and these germs developed tuberculosis which incapacitated him from work and from which he died.

On this finding the conditions under which he worked were the direct and proximate cause of the tuberculosis. Tuberculosis is a personal injury under our Compensation Act, and it did in this case arise out of the employment, since there was a causal connection between this injury and the employment evidencing that the employment was the direct or proximate cause of this injury. If the wheel which the decedent was working at in its rapid revolutions had broken and a flying part

of the broken wheel had struck the decedent and instantly killed him, no one would question that his death arose out of his employment and that he would have been entitled to an award under our Compensation Act at any time since its enactment. Upon the facts found by the commissioner the causal connection between the injury caused by the inhalation of the particles of sand and the employment, is just as clear and certain as between the injury from the blow from the broken wheel and the employment. And since the Amendment of 1919 (Public Acts of 1919, Chap. 142), compensation may be awarded for the disease which actually arises out of and in the course of an employment precisely as in the case of an accidental bodily injury or a disease which arose from an accidental bodily injury. We have presented the argument upon this point at length in *Madore* v. *New Departure Mfg. Co., ante,* p. 709, 134 Atl. 259, argued at this term, and shall not here repeat it, nor the authorities there cited. The suggestions made in that case are equally applicable to all cases where an award is claimed for a disease; failure to conform to the requirements specified in that case will, if the reasons of appeal permit their consideration, prevent the making of a valid award for a personal injury in the nature of a disease. The instant case is outside of its limitations and prohibitions.

There is no error.

In this opinion the other judges concurred.