STEPHEN CISHOWSKI *vs.* CLAYTON MANUFACTURING COMPANY ET AL.

First Judicial District, Hartford, January Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, JS.

A so-called fact is not necessarily "admitted" or "undisputed" within the meaning of § 11, page 309 of the Practice Book, merely because some witness has testified to it and no witness has directly contradicted it.

A finding will not be corrected by striking out facts found upon disputed evidence nor by adding facts which have no bearing upon the result.

The cause of a disease such as tuberculosis can seldom, if ever, be conclusively proved; and it is peculiarly the function of the compensation commissioner to pass upon the conflicting opinions of the medical experts and to accept the one which seems to him the most credible and weighty.

The compensation commissioner found that between 1913, when he was in good health, and 1926, when his disability occurred, the plaintiff's employment as a grinder in the defendant's factory required him to sit near a rapidly revolving wheel which had a surface of emery or carborundum and, notwithstanding the installation of a blower system, threw into the air a quantity of siliceous dust which lodged in the plaintiff's lungs and produced in them a noncontagious and uncommunicable disease known as pneumoconiosis, thus breaking down their normal resistance to tubercle bacilli and resulting directly in the tubercular infection which totally disabled him. *Held* that the plaintiff was entitled to compensation for the disability caused by the tuberculosis, since it was a direct consequence of his primary injury, the pneumoconiosis, which arose out of and in the course of his employment.

Argued January 7th—decided March 5th, 1927.

APPEAL by the defendants from a finding and award of the compensation commissioner for the first district in favor of the plaintiff, taken to the Superior Court in Hartford County and tried to the court, *Nickerson, J.;* judgment rendered dismissing the appeal and affirming the award, from which the defendants appealed. *No error.*

*Samuel Reich,* for the appellants (defendants).

*Saul P. Waskowitz,* for the appellee (plaintiff).

HAINES, J. The finding made by the commissioner discloses that the claimant came to this country from Poland in 1913 in good health, and entered the employ of the respondent as a grinder, and remained continuously in that employment till 1926 when the disability occurred. His work was the grinding of cast steel scissors which were held against a revolving wheel, either of wood or leather with an emery rim, or of solid carborundum. Claimant sat near this wheel, which revolved at high speed away from the operator, and pressed the scissors against this revolving wheel. The result was that particles of emery, carborundum and steel were thrown into the air, chiefly in the form of dust. Carborundum and emery contain silica, which is not soluble in lung moisture. For the purpose of removing this dust from the air, the respondent had installed a blower system, and a tin hood covered about one half the wheel, but left the other half, on the side next the operator, exposed, in order that the scissors could be applied to the wheel. This blower system was inadequate to carry off all the dust and some was thrown upon the claimant, entering his eyes, ears, nose and mouth and finding lodgment in his lungs. The walls of the room were streaked with the dirt

thrown from these revolving wheels. The floor was covered with dust and dust was on and about the machine which the claimant operated. A sharp metal device was used about once in a half hour to take off the particles of steel so that the wheel would work more effectively. While this process, known as "dressing down," was going on, a vast quantity of dust was stirred up, so that the workman stood back while it was being done. As a consequence of this employment the claimant inhaled large quantities of dust. This dust, containing silica and other particles, had an injurious effect upon his lungs, as each particle caused a slight wound which, upon healing, left scarred tissue, causing a contraction, lessening the capacity of the lungs for inhalation and otherwise interfering with their normal operation and natural capacity to resist disease. This produced pneumoconiosis, a disease not contagious, communicable, or mental in its nature. The disease thus produced broke down the normal resistance of the lungs and tuberculosis set in as a direct result of the inability to resist the tubercle bacilli. There was thus an unbroken causation between the conditions of the employment and the tuberculosis from which the claimant now suffers. By reason of the conditions indicated, the claimant began to feel ill in September, 1925, and gradually grew worse. The commissioner held that by reason of the pneumoconiosis, with the resulting tubercular infection, the claimant had been totally disabled for any kind of work since May 15th, 1926, and that this disability will continue indefinitely and with an unfavorable prognosis. The commissioner concluded that the claimant had suffered a personal injury which arose out of and in the course of his employment and awarded him compensation.

The appeal attacks the finding in numerous particulars, asking that many paragraphs be stricken out and

other paragraphs added, and also attacks the soundness of the commissioner's conclusion as being inconsistent with the subordinate facts. All the evidence taken before the commissioner has been certified and is before us for examination. The paragraphs which the respondent seeks to have stricken out as having been found without evidence relate to the above summarized facts as to the adequacy of the blower system to carry off the dust; to the deposit of dust upon the wheel and floor of the room and upon the person of the claimant and its entrance into his eyes, ears, nose, mouth and lungs; the method and effect of "dressing down" the grinding wheel; the insolubility of some of the contents of the dust in the lungs and the effect upon the lungs and their functioning and loss of resistance to the tubercle bacilli. An examination of the transcript of evidence shows that there is ample evidence which the commissioner had a right to believe, to support, so far as we can find, without exception, all the essential facts thus summarized.

Before taking up the conclusions which the commissioner reached from the subordinate facts found, we turn to the respondent's claims that certain facts should be added to the finding. These claims of facts proven, merely reflect the respondent's view of this case, which is that the sole cause of the claimant's disability is the tuberculosis; that it is impossible to determine the time of its beginning or the cause of it; that there is nothing in the evidence to show that the tuberculosis was caused by the conditions under which the employment was carried on, and that the aggravation of the tuberculosis would have resulted from any other exertion of the same degree as that called for in this employment. Some of the facts thus sought to be incorporated into the finding are not important and can have no bearing upon the result. A few are sup-

ported by evidence, but none are important to the decision of this case. Others are supported by evidence not specifically contradicted, but a fact not thus contradicted does not become necessarily an "undisputed" fact requiring its addition to a finding. Practice Book, p. 309, § 11.

The fact is established and is not contested that the claimant was well when he came to this country in 1913; that there is no family history of tuberculosis and no contact shown, and that his living conditions were of the best. It is indisputable that the onset of the disease must have been sometime between 1913 and 1926, while he was employed by the respondent. It is not now important to fix precisely the inception in point of time. Public Acts of 1921, Chap. 306, § 11. Other claims are deductions from the testimony adduced by the respondent. A careful study of the entire transcript of evidence shows that upon some points the medical testimony of the respondent did not fully agree with that produced by the claimant. The three medical experts who testified for the claimant agreed that the X-ray photographs showed pneumoconiosis. Of the two for the respondent, one, without saying it was not so, did not feel certain that it was, while the other found some pneumoconiosis. Upon the evidence so produced it was the province of the commissioner to accept the evidence which seemed to him to be credible and the more weighty. We cannot say he acted unreasonably. So as to the direct cause of the tuberculosis: The experts for the claimant gave it as their opinion that the pneumoconiosis broke down the natural resistance of the claimant's lungs to such an extent that the tubercle bacilli found a foothold there. The respondent's experts were not ready to concede that, but offered no other explanation of the presence of the disease. Here, too, the commissioner was

entitled to take the view of the claimant's experts if he believed their testimony. It is suggested that there is no absolute proof, but facts of this character are seldom, if ever, capable of conclusive proof. It is the function of experts, by study and experience, to furnish their opinions to the trier. The claimant's medical witnesses were of that character, and the acceptance or rejection of their conclusion, particularly when given after they had visited and inspected the place of the employment and had been put into possession of all the important facts, was entirely within the province of the trier. The claimant's three physicians agreed that the conditions of the employment caused the pneumoconiosis which was the primary injury, and that the tuberculosis resulted directly from the pneumoconiosis. It was not error for the commissioner to accept this testimony; moreover, the conclusions are, upon the face of the record, reasonable. The claimant's injury occurred when the pneumoconiosis took place. That it took place during his employment and because of the conditions of his employment is found by the commissioner as a fact. Such an injury arises in the course of and out of the employment, and every consequence of that injury likewise arises in the course of and out of the employment, when there is an established causal connection between the employment and the injury. *Larke* v. *Hancock Mutual Life Ins. Co.,* 90 Conn. 303, 311, 97 Atl. 320; *Dupre* v. *Atlantic Refining Co.,* 98 Conn. 646, 652, 120 Atl. 288; *Kovaliski* v. *Collins Co.,* 102 Conn. 6, 9, 128 Atl. 288; *Madore* v. *New Departure Mfg. Co.,* 104 Conn. 709, 716, 134 Atl. 259; *Mesite* v. *International Silver Co.,* 104 Conn. 724, 747, 134 Atl. 264.

We are unable to find any reasonable justification for making any of the additions sought and the finding should stand. This finding reflects a situation in close

analogy to the case of *Mesite* v. *International Silver Co., supra,* recently decided by this court. We find no error and the award should stand.

There is no error.

In this opinion the other judges concurred.