Norton *v.* Barton's Bias Narrow Fabric Co.

———————

MARGARET NORTON *vs.* BARTON'S BIAS NARROW FABRIC COMPANY ET AL.

Third Judicial District, Bridgeport, April Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

An injury, whether resulting from accident or disease, may be within the provisions of the Workmen's Compensation Act provided it was materially and proximately caused by the employment or the conditions incident to it; but if it would have occurred without the intervention of these conditions, or if they played only a minor or incidental part in producing it, it is not compensable.

Where the conditions of an employment are peculiarly adapted to induce the onset of a disease, they may be regarded as the essential cause in producing it, even though the disease is due to an infection which is not in itself traceable to them,

Norton *v.* Barton's Bias Narrow Fabric Co.

The plaintiff in the present case worked in a factory which, until eleven o'clock in the morning, was generally cold but not to a degree requiring the other employees to wear their outer clothing. Despite her protests, the window near which she worked was customarily opened for a few minutes two or three times a day. In February she was ill for a week with a cold, and in March with grippe which was followed by pneumonia and empyema resulting in incapacity. The medical testimony indicated that whatever exposure was involved in her employment might have been, at most, merely a factor in some undefined degree in producing the grippe infection. *Held* that it could not reasonably be concluded that the conditions of the plaintiff's employment were a material, proximate cause of her incapacity.

Argued April 14th—decided June 28th, 1927.

APPEAL by the defendants from a finding and award of the compensation commissioner for the fourth district in favor of the plaintiff, taken to the Superior Court in Fairfield County and tried to the court, *Dickenson, J.;* judgment rendered dismissing the appeal and affirming the award, from which the defendants appealed. *Error, and cause remanded with direction to sustain the appeal.*

*Harold K. Watrous,* for the appellants (defendants).

*Samuel Reich,* with whom, on the brief, was *Philip Reich,* for the appellee (plaintiff).

MALTBIE, J. The claimant was employed in a factory operated by the respondent company. She worked near a window which certain other employees in the factory were accustomed to open for a few minutes two or three times a day, a practice which was continued despite complaints she made to the foreman in charge of the work and to other representatives of the respondent company. In February, 1926, she was ill with a cold for a week. On March 20th, 1926, she became ill with grippe, which was followed by pneumonia and empyema, resulting in a lengthy incapacity

and necessitating considerable expenditures of money. The commissioner found that the claimant's power of resistance was greatly lowered by the exposure to which she was subjected in the factory and as a result of this exposure she developed the grippe, followed by the pneumonia and empyema. This finding the respondents attack, bringing all the evidence before us for that purpose.

The chain of causation upon which the claimant's right to compensation depends necessarily involves the facts that her power of resistance was weakened by the condition of her employment and that as a result she suffered the attack of grippe. The trial court, at the claimant's request, added a finding to the effect that the claimant came to work at seven-thirty o'clock in the morning and that the factory was generally cold until eleven o'clock each day. The action of the court is supported by the testimony of the claimant specifically stating these facts, and by the testimony of another woman employee who stated that she wore a sweater while at work because the factory was cold. As the respondents' attorney pertinently suggests, however, the statement that the factory was cold gives little definite idea as to its temperature, and that the cold was not extreme is indicated by the testimony of another employee who said that he wore a vest and apron while working and that the other men employed there wore neither vests nor coats. The only direct testimony that claimant's power of resistance was lowered was given by the physician who treated her for the grippe and who gave it as his opinion that her lowered resistance from the fact that she had had a cold in February, plus the exposure in the cold factory, with open windows, was a factor in bringing on the grippe; but this physician did not see the claimant until after she had become ill with the grippe,

and his testimony was based wholly on the history which she gave to him. He also stated that grippe is due to many types of organisms, that it is contagious, and communicable, and that exposure is frequently a contributing factor. The physician called by the respondents emphasized the necessity of infection to cause an attack of grippe, stated that the period of incubation was three to five days, and, while admitting that weakened resistance might make a person more susceptible to an attack of grippe, said that, in case of infection, the controlling circumstance was the resistance of the individual to the particular organism causing it, that one person may be immune though run down, while another may become ill though in the pink of condition.

It will be noticed, first, that the physicians agree that grippe is due to infection; second, that there is no claim that the infection in this case was in any way due to the conditions of employment; and, finally, that the most that can be claimed from the testimony is that those conditions were a factor in producing it. To what extent they contributed is in no way indicated and the evidence suggests that it might well have been in only a very minor way.

That a disease causing incapacity is due to infection not in itself traceable to the conditions of employment will not necessarily preclude compensation for incapacity resulting from it. *De la Pena* v. *Jackson Stone Co.*, 103 Conn. 93, 130 Atl. 89. In that case, however, the conditions of employment were such as peculiarly to induce the onset of the disease, and the medical testimony agreed that those conditions might be the cause of the influenza from which the claimant suffered, and one physician gave it as his expert opinion that those conditions were the cause of the disease. So in *Dupre* v. *Atlantic Refining Co.*, 98 Conn. 646,

120 Atl. 288, *Kovalski* v. *Collins Co.*, 102 Conn. 6, 128 Atl. 288, and *Mesite* v. *International Silver Co.*, 104 Conn. 724, 134 Atl. 264, conditions of employment peculiarly adapted to pave the way for the onset of pneumonia were present, and the conclusion that the disease was due to those conditions was more readily drawn because that disease does not result from immediate infection, the pneumococcus germ which produces it being frequently resident in the human system but remaining dormant until the resistance of the respiratory tract is lessened by exposure or other cause. In all these cases the conditions of employment were properly found to be the essential cause in bringing on the disease.

In *Madore* v. *New Departure Mfg. Co.*, 104 Conn. 709, 134 Atl. 259, we recently discussed the necessity that, before compensation can be awarded, a causal connection must be established between the injury and the employment or the conditions under which it is required to be performed, and we there said (p. 713): "The causal connection required to be established is, that the employment was the proximate cause of the injury, and this rule obtains whether the injury be the result of accident or disease. . . . Before he can make a valid award the trier must determine that there is a direct causal connection between the injury, whether it be the result of accident or disease, and the employment. The question he must answer is, was the employment a proximate cause of the disablement, or was the injured condition merely contemporaneous or coincident with the employment. If it was the latter there can be no award made. If the former there may be." It is not sufficient that the conditions of the employment contributed to some undefined degree to bring on the disability from which the employee suffers. In the production of results many circumstances

often play a part of so minor a character that the law cannot recognize them as causes. Thus we have said of contributory negligence, that it is only when it materially or essentially contributes to bring about an injury that the law will regard it as a cause of that injury; *Hawkins* v. *Garford Trucking Co., Inc.*, 96 Conn. 337, 339, 114 Atl. 94; and of an accident or natural cause concurring with a highway defect to cause an injury, that it will not defeat a recovery if it merely contributes as an incidental and remote cause. *Frechette* v. *New Haven*, 104 Conn. 83, 90, 132 Atl. 467. Professor Jeremiah Smith states the proposition in this way: "Defendant's tort must have been a substantial factor in producing the damage complained of." 25 Harvard Law Review, 309. These principles apply in cases of workmen's compensation. The social philosophy back of the law requires that the employer should be responsible for incapacity resulting from injury or disease within its scope, if the employment or the conditions incident to it are the efficient cause in the production of that incapacity, and that he should not be responsible, if that incapacity would have come about without the intervention of the employment or the conditions incident to it, or if they played only a minor or incidental part in producing it.

In the instant case, the evidence in its aspect most favorable to the claimant could not reasonably support a conclusion that the conditions of employment were a material proximate cause in bringing on the attack of grippe. *Cishowski* v. *Clayton Mfg. Co.*, 105 Conn. 651, 656, 136 Atl. 472. It follows that the commissioner could not legally or reasonably reach the conclusion that the grippe, and hence the pneumonia and empyema following it, were the result of those conditions.

There is error, the judgment is set aside and the cause remanded with direction to sustain the appeal.

In this opinion the other judges concurred.