MARIE A. LEMIEUX ET ALS. *vs.* HIGHLAND DAIRY
COMPANY, INC., ET AL.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, JS.

Argued May 15th—decided June 10th, 1936.

*Millard Bartels,* for the appellants (defendants).

*Morton E. Cole,* with whom, on the brief, was *Cyril
Cole,* for the appellees (plaintiffs).

AVERY, J. The claimant was the wife of the deceased, Leo Lemieux, and had lived with him up to the time of his death. He was employed by the Highland Dairy Company, Inc., as a milkman. On August 4th, 1933, while in the course of his employment, a milk wagon which he was driving was struck by an automobile and he was thrown to the pavement. Among other things, he received injuries to the head for which he was treated in the hospital and returned to work on November 21st, 1933. On March 9th, 1934, he was seized with severe cramps and was oper-

ated on at the hospital for acute appendicitis, as a result of which he developed a pneumonitis, an edema of the brain and circulatory failure. On March 20th, he died at the hospital. An autopsy disclosed that there was some scarring of the brain tissue from subdural hemorrhage as a result of the injuries received in the accident on August 4th, 1933; and an abscess was found at the site of the appendectomy.

The commissioner found that the cause of the death was the appendicitis and the surgical operation following thereon, and that the brain condition which remained from the original injury at the time of the accident was only a minor factor in bringing about the decedent's death; that the chain of causation between the injuries suffered at the time of the accident and the death was broken by the appendicitis and what followed; that there was no unbroken chain of causation between the death and the accident; and dismissed the plaintiff's claim for compensation. On appeal to the Superior Court, the finding was corrected in many respects; the decision of the commissioner was reversed and the cause remanded to make an award in favor of the claimant, the court being of opinion that the facts conclusively established that the original injury received by the deceased in the course of his employment was a substantial factor contributing to his death. The correctness of this ruling by the trial court is the matter involved in this appeal.

The real claim of the plaintiff is that the resistance of the deceased was weakened by the accident, and that this condition was a substantial factor contributing to his death. Counsel for the plaintiff places much reliance on the case of *Bratz* v. *Maring, Jr., Inc.,* 116 Conn. 186, 191, 164 Atl. 388, where we pointed out that where such lowered resistance is consequent upon

a definite original injury, the case may be compensable. The present case does not turn upon this principle. The real point of the case is whether there was such a causal connection between the head injuries which the deceased suffered in the accident and his death, that the injuries to his head and his weakened resistance as a consequence thereof were a substantial factor in causing his death. Upon this point several doctors were called by both sides. Those called by the plaintiff expressed the opinion that the head injury was a substantial factor in producing the death of the deceased. On the other hand, three physicians were called by the respondent; one was of opinion that the brain injury was a contributing factor to the decedent's death, while the substance of the testimony of the other two was to the effect that while a brain injury renders a person more susceptible to subsequent injury, the particular facts in this case showed that the brain injury and its effects did not substantially contribute to the decedent's death. Upon the conflicting testimony produced before him, the compensation commissioner found as a fact that the brain condition which remained from the injuries was only a minor factor in bringing about decedent's death. The plain import of the finding is that the commissioner did not consider that the condition of the brain resulting from the injury to his head contributed as a substantial factor to decedent's death. "It is not sufficient that the conditions of the employment contributed to some undefined degree to bring on the disability from which the employee suffers. In the production of results many circumstances often play a part of so minor a character that the law cannot recognize them as causes. . . . The social philosophy back of the law requires that the employer should be responsible for incapacity resulting from injury or disease within its

scope, if the employment or the conditions incident to it are the efficient cause in the production of that incapacity, and that he should not be responsible, if that incapacity would have come about without the intervention of the employment or the conditions incident to it, or if they played only a minor or incidental part in producing it." *Norton* v. *Barton's Bias Narrow Fabric Co.*, 106 Conn. 360, 364, 365, 138 Atl. 139.

Inasmuch as there is reasonable support in the evidence for the conclusion of the commissioner that there was not such causal connection between the brain injury and the death of the decedent that the injury could be considered a substantial factor in that result, it follows that the conclusion of the commissioner is not subject to review on appeal by the Superior Court or this court. *Senzamici* v. *Waterbury Castings Co.*, 115 Conn. 446, 448, 161 Atl. 860.

There is error; the cause is remanded to the Superior Court with direction to enter judgment dismissing the appeal.

In this opinion the other judges concurred.