CANDIDO RIVERA *v.* GUIDA'S DAIRY ET AL.

HOUSE, C. J., LOISELLE, MACDONALD, BOGDANSKI and LONGO, Js.

Argued December 6, 1974—decision released January 21, 1975

*John F. Droney, Jr.,* for the appellant (plaintiff).

*Douglas L. Drayton,* with whom, on the brief, was *Edward S. Pomeranz,* for the appellees (named defendant and Hartford Accident and Indemnity Company).

*William C. Galligan,* for the appellee (defendant Travelers Insurance Company).

PER CURIAM. This is an appeal from a supplemental finding and award of the workmen's compensation commissioner for the sixth congressional district. Although the commissioner determined that the plaintiff was entitled to expenses for some medical treatments, he found that the plaintiff was not entitled to any temporary total or temporary partial weekly benefits. He found that the plaintiff left his employment on November 17, 1968, to return to Puerto Rico; that he did not indicate at that time that he was unable to work; that he did not attempt to get comparable employment and pay in this area; and that he did not prove that his average weekly wage since leaving his employment was less than his average weekly wage prior to his injury and that any reduction in his wage resulted from any

physical disability relating to a previous accident on February 16, 1967. On appeal, the Superior Court found that the finding and the conclusions of the commissioner were reasonably supported by the subordinate facts. From that judgment, the plaintiff has appealed to this court.

In his appeal, the plaintiff contends that the court erred in failing to correct the finding as requested and that the commissioner's conclusions were so unreasonable as to justify judicial interference.

In an appeal from the action of a workmen's compensation commissioner the Superior Court does not retry the facts or hear evidence. It considers only that evidence certified to it by the commissioner for the limited purpose of determining whether the finding should be corrected or whether there was any evidence to support the conclusions reached. The conclusions of the commissioner cannot be reviewed when they depend upon the weight of the evidence and the credibility of the witnesses. The power of the Superior Court in correcting the finding of the commissioner is analogous to that of the Supreme Court in correcting the finding of the trial court.[1] Practice Book § 435; *Balkus* v. *Terry Steam Turbine Co.*, 167 Conn. 170, 174, 355 A.2d 227; *Jacques* v. *H. O. Penn Machinery Co.*, 166 Conn. 352, 363, 349 A.2d 847. A review of all the evidence certified and made part of the record discloses that there was no merit to the motion to correct. The trial court properly refused to make any corrections in the finding.

---

[1] This court will correct findings of fact only upon the refusal to find a material fact which was admitted or undisputed, or upon the finding of a material fact without evidence, or rarely, upon the finding of a fact in language of doubtful meaning so that its real significance may not clearly appear. Practice Book § 628.

"The commissioner's ultimate conclusions are tested by the subordinate facts found, and they stand unless they result from an incorrect application of the law to those facts or from an inference illegally or unreasonably drawn from them." *Balkus* v. *Terry Steam Turbine Co.*, supra. We conclude that the subordinate facts amply support the conclusions reached, and that there was no incorrect application of the law.

There is no error.