WILLIAM GROGAN *v.* CITY OF NEW BRITAIN

COTTER, LOISELLE, BOGDANSKI, LONGO and HEALEY, Js.

Argued February 9—decision released May 23, 1978

*Andrew S. Aharonian*, city attorney, for the appellant (defendant).

*Harold J. Geragosian*, for the appellee (plaintiff).

LOISELLE, J. The plaintiff appealed to the Court of Common Pleas from a decision of the workmen's compensation commissioner that, in accordance with the provisions of General Statutes §§ 7-435 and 7-436, the plaintiff's workmen's compensation payments were to be credited against the pension payments owing to him and that he had therefore received all of the workmen's compensation benefits due him. The court, on appeal, reversed the commissioner's decision, determining that the pension benefits the plaintiff received were not subject to the statutory limitations set forth in General Statutes §§ 7-435 and 7-436 and that, consequently, the plaintiff had not received all the workmen's compensation benefits due to him. From that judgment, the defendant has appealed to this court.

The facts as found by the commissioner are as follows: The plaintiff was employed by the city of New Britain as a supernumerary police officer from April 12, 1949, until January 7, 1952, when he became a regular full-time officer for the city's police department. During the course of his employment, the plaintiff injured his back on several occasions. He required extensive medical attention, was hospitalized at various times, and underwent surgery on five separate occasions. Since the final operation, on February 28, 1969, the plaintiff has been totally

disabled from employment. He reached his maximum level of improvement on November 28, 1969, at which point he had a 75 percent permanent partial loss of the use of his back, which continued to render him permanently and totally disabled with respect to his employment. On July 11, 1970, the plaintiff was involuntarily retired on a disability pension, which he has, since that date, been receiving from the city of New Britain.

The plaintiff's monthly pension payments are based upon one half of a sergeant's annual salary of $10,800, plus increases based upon one half of the salary increase received by an active sergeant. Since the date of his retirement, the plaintiff has been entitled to workmen's compensation benefits of $57 per week, plus a cost of living allowance of $15 based upon his last back injury, plus weekly cost of living increases. The pension payments are, then, greater than the workmen's compensation benefits to which he is entitled.

On the basis of these facts, the commissioner found that "[t]he claimant is receiving the above described pension payments as limited by Section 7-435 and/or 7-436 C.G.S. Each of these statutes provides that pension payments are to be adjusted by first crediting Workmen's Compensation payments against the pension payment due to the claimant." This finding necessarily led to the conclusion that "[t]he claimant has received all of the Workmen's Compensation benefits due to him to the date of these hearings."

On appeal, the court corrected the findings to include the fact that the pension which the plaintiff had been receiving did not come under the provisions of the Municipal Employees' Retirement Act,

chapter 113, part II, of the General Statutes, but rather derived from § 1959 of the city charter. 30 Special Acts 404, 461, No. 420. This determination that the pension which the plaintiff receives is not subject to the statutory provisions relied upon by the commissioner led to the conclusion that the plaintiff had, since his retirement, received only the pension benefits due him, but none of the workmen's compensation benefits to which he was entitled.

On appeal to this court, the defendant first claims error in the court's correction of the finding, apparently claiming that the court was without power to do this in the absence of a determination that the commissioner's conclusion was unreasonable. With this blanket assertion, we cannot agree. As this court has often stated: " 'The commissioner's ultimate conclusions are tested by the subordinate facts found, and they stand unless they result from an incorrect application of the law to those facts or from an inference illegally or unreasonably drawn from them.' *Balkus* v. *Terry Steam Turbine Co.*, . . . [167 Conn. 170, 174, 355 A.2d 227]." *Rivera* v. *Guida's Dairy,* 167 Conn. 524, 526, 356 A.2d 184. Further, "when a motion to correct the finding has been denied by the commissioner, [the court] may be called upon to review the record to determine whether there was any evidence to support the findings. General Statutes § 4-183 (g) (5); Practice Book, 1963, §§ 435, 437; see *Balkus* v. *Terry Steam Turbine Co.,* 167 Conn. 170, 174, 355 A.2d 227." *Glenn* v. *Stop & Shop, Inc.,* 168 Conn. 413, 416, 362 A.2d 512. The finding will not be corrected unless it contains facts found without evidence or omits material facts that are admitted or undisputed. *Wheat* v. *Red Star Express Lines,* 156 Conn. 245, 248, 240 A.2d 859.

In the present case, the requisite procedure was followed by the plaintiff. The court reviewed the findings, adding the material and admitted fact that the pension the plaintiff receives derives from the city's charter, and, concluding on the basis of that fact, that the statutes applied by the commissioner were inapplicable to this case. By so doing, the court acted, not only as it was authorized to act, but, indeed, as it was bound to act under the circumstances of this case.

The basic issue before this court is, then, whether, on the facts before us, the court erred in concluding that the plaintiff was entitled to his full workmen's compensation benefits undiminished by being offset against his greater disability pension benefits.

Although courts, when confronted with the question now before us, have reached widely differing results, largely dependent on the differences in the relevant statutes, it appears that, as a general rule, the amount of a pension to which a disabled employee is entitled is not deductible from the compensation accruing to him in the absence of a statute providing otherwise. 99 C.J.S., Workmen's Compensation, § 330 (e); 4 Larson, Workmen's Compensation Law § 97.41; see also *Application of Smith,* 57 N.J. 368, 273 A.2d 24. In reaching his determination that the existence of the plaintiff's pension diminished the amount of compensation owing to him, the commissioner relied upon General Statutes §§ 7-435 and 7-436, those provisions of the Municipal Employees' Retirement Act designating the amount of benefits members were entitled to receive. Both of these provisions contain the statement that "[a]ny amount or amounts received under the workmen's compensation act shall be deducted from such allowance."

The mandate of those provisions does not, however, come into effect unless and until a municipality has, in accordance with the delineated procedure, elected to participate in the state retirement plan. General Statutes § 7-427. There is no evidence that the city of New Britain has made such an election. On the contrary, the evidence supports the court's finding that the pension which the plaintiff receives derives, not from the state act, but from § 1959 of the city charter. 30 Special Acts 404, 461, No. 420.

As this court has previously noted, "[t]he city of New Britain operates under a special charter granted by the General Assembly in 1961. 30 Spec. Acts 404, No. 420." *First Church of Christ, Scientist* v. *Friendly Ice Cream,* 161 Conn. 223, 225, 286 A.2d 320. Section 1959[1] of the charter, entitled "Disability benefits," specifically provides that any member of the regular police force who becomes permanently disqualified from performing any duty

[1] "[30 Special Acts 404, 461, No. 420] Sec. 1959. Disability benefits. Said board of police commissioners and said three trustees who are active patrolmen of the police force shall permanently retire on half pay, or place or continue on the veteran reserve force, any member of the regular or veteran reserve force who shall become permanently disqualified from performing any duty, upon a certificate from a surgeon or surgeons appointed by said board of police commissioners showing that such member is permanently disqualified for the performance of all police duty, and that such disqualification is caused by the natural infirmities of old age, or by some injury received, disease contracted or exposure endured while performing his duties without fault on his part, and may permanently retire on half pay, or place on the veteran reserve force, any member who shall have served 10 years on the regular force and who shall have become permanently disqualified from performing any duty upon a certificate from a surgeon or surgeons appointed by said board of police commissioners showing that such member is permanently disqualified for the performance of all police duty and that such disqualification is caused by the natural infirmities of old age, or by some injury received, disease contracted or exposure endured without fault on his part."

may be retired on half pay. This disability provision was originally enacted in 1945; 29 Special Acts 696, No. 292; and was retained in the 1961 charter in its original form.

Since the enactment of the 1961 charter, the city has not participated in the state retirement plan at all. Although the provisions of the state act were made applicable to regular New Britain police officers in 1953; 26 Special Acts 1108, No. 557; the 1953 act was explicitly repealed in 1959. 29 Special Acts 436, No. 438.

The defendant appears to argue, however, that a 1915 amendment to the 1905 charter, which preceded the present charter, bars the plaintiff from recovering both his pension and workmen's compensation. Section 9 of the 1915 amendments to this charter provided that "[n]o person who receives from the city of New Britain compensation under the workmen's compensation act or any amendment thereto, on account of any accident or injury, shall receive any compensation or payment from any pension fund to which said city contributes on account of such accident or injury." 17 Special Acts 410, No. 352.

Section 1 of the introductory preamble of the present charter provides: "This charter . . . is hereby adopted and enacted as the 'City of New Britain Charter,' and shall supersede all special acts inconsistent herewith and all amendments thereto, except such as by reference thereto are expressly saved from repeal or continued in force and effect for any purpose." This statement simply accords with the general rule pertaining to repeal by implication. "When a later statute covers the whole subject to which it relates, it will be held to

repeal by implication all prior statutes on the matter." *McAdams* v. *Barbieri*, 143 Conn. 405, 413, 123 A.2d 182. As the defendant concedes, this provision, subsequently amended in a way not here relevant, appeared in the text of all charter compilations until the approval, in 1961, by the General Assembly of the present charter.[2] The 1961 charter was clearly intended to replace the 1905 charter and all subsequent amendments. The fact that the provisions of the 1915 amendment limiting pension benefits were not included in the current charter indicates an intention to effect a repeal of the former law. *Anastasio* v. *Gulf Oil Corporation*, 131 Conn. 708, 714, 42 A.2d 149; *Aston Motor Car Co.* v. *Mannion*, 92 Conn. 568, 103 A. 655.

From the foregoing analysis, it is clear that the plaintiff derives his pension rights from the 1945 amendment to the original charter, retained in the current charter of 1961 under § 1959. The charter itself contains no limitation on the plaintiff's right to a full pension, nor do the provisions of General Statutes §§ 7-435 and 7-436, which are applicable only to beneficiaries under the state fund. Furthermore, the state Workmen's Compensation Act itself does not bar the plaintiff's entitlement to both a full pension and full compensation. Rather, that provision of the act which explicitly abolishes common-law remedies, substituting the exclusiveness of compensation, specifically states that "nothing herein shall prohibit any employee from securing, by agreement with his employer, additional benefits from his employer for such injury or from enforcing such agreement for addi-

---

[2] It should be noted that we have not been referred to any other change or amendment by the city or state legislature which would undermine the effect of the 1961 charter.

tional benefits." General Statutes § 31-284. It cannot be said, then, that any pertinent legislation precludes the plaintiff from recovering the full amounts due under both the city's pension plan and the Workmen's Compensation Act.

There is no error.

In this opinion the other judges concurred.