## HERMAN ROMAN *v.* EYELETS FOR INDUSTRY, INC., ET AL.
### (AC 16964)

Spear, Dupont and Spallone, Js.

Argued February 20—officially released April 7, 1998

*Dominick C. Statile,* for the appellants (defendants).

*Deborah McGill-Membrino,* for the appellee (plaintiff).

SPALLONE, J. The defendant employer, Eyelets for Industry, Inc., and the defendant workers' compensation insurer appeal from a decision rendered by the workers' compensation review board. The defendants claim that the board improperly affirmed the commissioner's decision to award the plaintiff, Herman Roman, compensation pursuant to General Statutes § 31-294c (c) (formerly § 31-294) and denied the defendants' June 20, 1995 motion to correct.

Our examination of the board's record discloses the following pertinent facts. The plaintiff filed a claim with the workers' compensation commission for alleged work-related injuries to his lower leg and ankle that he incurred when he fell into a ditch on July 11, 1991. The defendants accepted liability for the injuries, entered into a voluntary agreement dated September 27, 1991, which was approved by the commissioner, and paid benefits associated with the injury.

In October, 1991, Anthony Sterling, an orthopedist, noted that the plaintiff was experiencing groin pain and, in May, 1992, noted that the plaintiff complained of pain in his left hip, groin and presacral area. Prior to undergoing ankle surgery, the plaintiff sought a second opinion from another physician, who indicated complaints of hip, groin and back pain in December, 1991. Phoenix Physical Therapy, where the plaintiff completed physical therapy for the ankle injury, also noted his complaints of pain in the lower back and left groin

area. After the plaintiff concluded treatment for his ankle in October, 1992, he was given a 10 percent permanent partial disability rating by Sterling.

The plaintiff continued to have pain in his lower back and was seen by Jarob Mushaweh, a neurosurgeon. After magnetic resonance imaging (MRI), a computerized axial tomography (CAT) scan and lumbar myelogram procedures, the plaintiff was diagnosed as suffering from disc herniations at L1-2, L3-4 and L4-5 of his spine. Sterling and Myron Shafer, another orthopedist who performed an independent medical examination of the plaintiff, both indicated that the plaintiff's groin pain resulted from his back injuries.

After a fully contested formal hearing before the workers' compensation commission, the commissioner found that the plaintiff's back injury was caused by and resulted from the accident that occurred on July 11, 1991. It was also determined that this accident precipitated the agreement that was voluntarily entered into by the plaintiff and the defendants on September 27, 1991. The commissioner ruled that the back injury was compensable. The defendants then appealed to the board, which, in its opinion dated February 14, 1997, affirmed the commissioner's decision. This appeal followed. We affirm the board's decision.

I

The defendants first claim that the plaintiff is barred from recovery because he failed to file a notice of claim, pursuant to § 31-294c (c),[1] that specifically referenced his back injuries. That argument is unavailing. Pursuant to § 31-294c (c), no notice of claim is required if the

[1] General Statutes § 31-294c (c) provides in relevant part: "Failure to provide a notice of claim . . . shall not bar maintenance of the proceedings if . . . within a one-year period from the date of the accident . . . an employee has been furnished, for the injury with respect to which compensation is claimed, with medical or surgical care . . . ."

employee is furnished with medical care for the injury within the one year period from the date of the accident. There is ample evidence to indicate that the plaintiff's medical records detailed complaints of hip, groin and back pain prior to the expiration of one year from the date of the injury. The defendants paid several physicians for services and tests involved with the plaintiff's treatment for back pain both during and after the expiration of the one year period. In fact, Mushaweh treated the plaintiff exclusively for his back pain.

"The [medical care] exception is, no doubt, based upon the fact that if the employer furnishes medical treatment he must know that an injury has been suffered which at least may be the basis of such a claim." *Gesmundo* v. *Bush*, 133 Conn. 607, 612, 53 A.2d 392 (1947); *Infante* v. *Mansfield Construction Co*, 47 Conn. App. 530, 535, 706 A.2d 984 (1998); see also *Landrette* v. *Bristol*, 11 Conn. Workers' Comp. Rev. Op. 149 (1993); *Hebert* v. *New Departure Hyatt Bearings*, 4 Conn. Workers' Comp. Rev. Op. 94 (1987).

"We next set forth our standard of review. The conclusions drawn by the commissioner from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. *Green* v. *General Dynamics Corp.*, 44 Conn. App. 112, 115, 687 A.2d 550 (1996), cert. granted on other grounds, 240 Conn. 916, 692 A.2d 813 (1997)." *Infante* v. *Mansfield Construction Co.*, supra, 47 Conn. App. 537. Here, the trial commissioner resolved a question of disputed fact on the basis of evidence that was presented. His conclusions were reasonably supported by the evidence and cannot be disturbed on appeal. *Lemieux* v. *Highland Dairy Co.*, 121 Conn. 483, 486, 185 A. 433 (1936).

## II

The defendants' second claim—that the trial commissioner improperly denied the defendants' motion to correct—is without merit. The commissioner denied the motion on the aspect of the plaintiff's back injury because of the deposition of the defendants' expert, who stated that groin pain would be related to a back injury. The trial commissioner's factual findings, on the basis of the totality of the evidence presented at trial, are clearly supported by such evidence and are, therefore, unassailable. See *Rivera* v. *Guida's Dairy*, 167 Conn. 524, 526, 356 A.2d 184 (1975); *Hicks* v. *Dept. of Administrative Services*, 21 Conn. App. 464, 466, 573 A.2d 770, cert. denied, 216 Conn. 804, 577 A.2d 716 (1990). We conclude that the board, in affirming the commissioner's decision, acted properly and in accordance with applicable law.

The decision of the compensation review board is affirmed.

In this opinion the other judges concurred.