WALTER N. BATTEY vs. STANLEY OSBORNE ET AL.

First Judicial District, Hartford, October Term, 1921.

WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, JS.

It is within the province of the Compensation Commissioner to determine what the facts are upon conflicting evidence, and neither the Superior Court nor this court, on appeal to it, will undertake to change his finding, unless it appears that he has found facts without evidence or has reached unreasonable conclusions.

One who agrees to do a certain job or piece of work for another—in this case to saw a pile of wood for its owner—using his own means and methods and being accountable only for the results, is not an employee of the other, but an independent contractor.

In the present case the owner of the wood furnished men to hand it up to the cutter, and warned the latter not to put too many sticks on the saw at once. *Held* that this did not alter the situation, inasmuch as the owner had no legal right to interfere or direct how the work should be done.

Argued October 5th—decided October 19th, 1921.

APPEAL by the plaintiff from a finding and award of the Compensation Commissioner of the third district, acting for and in place of the Commissioner of the first district, in favor of the defendant, taken to and tried by the Superior Court in Hartford County, *Haines, J.*, which dismissed the appeal, and from this judgment the plaintiff appealed. *No error.*

*George W. Brady* and *John W. Joy*, with whom, on the brief, was *Lewis Sperry*, for the appellant (plaintiff).

*A. Storrs Campbell*, for the appellees (defendants).

BURPEE, J. In his appeal to the Superior Court the appellant assigned as errors the refusal of the Compensation Commissioner to correct and add to his finding in the particulars specified in his motion presented

to the Commissioner; and with this appeal the Commissioner "filed with the Superior Court the transcript of evidence filed with him by the appellant " and containing "such portions of the evidence as are relevant and material to the several corrections asked for." Upon the evidence so certified to the Superior Court, it determined that the motion to correct the finding should be denied. This denial the appellant has incorporated in his assignment of errors in this court, specifying in eleven of his fourteen separate assignments the several refusals to correct and add to the finding.

This court will determine these assignments upon the evidence filed in the Superior Court and appearing in the record on appeal to this court. Neither court will consider other evidence or try ultimate issues of fact upon its own examination of the evidence. Each court will examine the evidence certified by the Commissioner, solely for the purpose of determining whether his finding should be changed in the respects specified in the appellant's motion. It is within the province of the Commissioner alone to determine, on conflicting and confusing evidence, what the facts are, and neither appellate court will change his finding unless it appears that he has found facts without evidence, or that he could not reasonably reach the conclusions he has stated. *Atwood* v. *Connecticut Light & Power Co.*, 95 Conn. 669, 673, 674, 112 Atl. 269; *Bell* v. *Strong*, 96 Conn. 12, 112 Atl. 645. An examination of the evidence thus certified for such a purpose has convinced us that the Superior Court did not err in denying the motion to correct and add to the Commissioner's finding. Indeed, we are satisfied that if the desired changes were made, the determination of the main question raised by the appeal would not be materially affected.

That question is whether the plaintiff was an employee of the defendant Osborne, as he claims he was, or was an independent contractor. To determine this question, the principles of law which must be applied to the facts peculiar to any case, have been clearly stated in our recent decisions. *Aisenberg* v. *Adams Co., Inc.*, 95 Conn. 419, 421, 111 Atl. 591. Among the facts in this case, as they are stated in the Commissioner's finding, it appears that this plaintiff, at the time when he made the agreement with the defendant Osborne, was engaged in the business of sawing wood by means of a portable machine, operated by gasoline, which he had hired to use whenever and wherever he could find a job to do. He furnished the fuel, made all repairs, and had entire control of running the apparatus. In this business, it was the custom that the owner of the wood to be cut should draw the sawing machine from the place where it had last been used, to the place where he wished it to be used, and that he should provide men to assist the sawyer in his operations. The plaintiff had been doing work of this sort under such terms and arrangements.

The defendant's business was farming. He owned a pile of wood which he wished to have sawed into pieces not more than twelve inches long, to be used as stove wood, partly in his home and partly in his barn to facilitate his farm work.

The plaintiff and defendant made a contract in which the plaintiff agreed to saw up the defendant's pile of wood by means of his sawing machine, and the defendant agreed to draw the machine to his own premises and to pay the plaintiff $2 an hour. No special agreement was made concerning the manner or time in which the plaintiff should do the work, or concerning the daily working hours.

After the defendant moved the sawing machine to

his premises and the plaintiff had begun to work, the defendant asked him about the hours he intended to work each day, and the plaintiff replied that he would work as late as the defendant should indicate. Thereupon the defendant told the plaintiff to come not earlier than eight o'clock in the morning, and also not to have the length of the pieces of wood over twelve inches. The defendant furnished several employees to carry sticks of wood to the saw, and during the sawing himself held the sticks in place and took away the pieces. Before the work began, the defendant warned the plaintiff against putting in too many pieces of wood at a time, and thus causing danger. The plaintiff thereupon told the defendant to give this warning to the employees of the defendant who were to pass the wood to the saw, and the defendant did so.

Upon these facts, it plainly appears that the plaintiff was exercising an independent employment; that he contracted to do a piece of work by his own means, according to his own methods, and without being subject to the control of the defendant except as to the result of his work. The defendant had no right to direct what should be done to produce the results required, or when or how it should be done. That he supplied men to help the plaintiff in carrying on the work, and that he himself assisted, is immaterial so long as they had no right to interfere in the means or manner of sawing the wood. That he cautioned the plaintiff about the length of the sticks of wood indicates only that he was reminding the plaintiff of the results he was expected to effect. His warning against putting too many sticks on the saw at once was not a direction to the plaintiff concerning his work, nor regarded by him as such; for he told the defendant to give those instructions to his own men who were to pass up the wood to the machine. It is true that these men, in

accordance with the custom in that business, were furnished by the defendant; but they had nothing to do with the running of the sawing apparatus. They merely supplied the material upon which the plaintiff was to do his work, by his own means and methods, and to accomplish the results for which he was responsible. He had at all times "the right to the general control." *Aisenberg* v. *Adams Co., Inc.*, 95 Conn. 419, 421, 111 Atl. 591. The plaintiff was doing his own business, in accordance with the customs of that business, and in his own way and under his own will. Hence we think he was an independent contractor.

There is no error.

In this opinion the other judges concurred.