WILBUR C. HIGLEY vs. HALEY WOODFORD.

First Judicial District, Hartford, May Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Where the plaintiff, who was engaged to cut trees upon the defendant's wood land for compensation to be paid at the rate of $3 per thousand feet of lumber so cut, supplied his own tools, arranged his hours of labor, and, with the exception of a restriction upon the size of the trees to be felled, was free from all direction and control as to the manner and methods of his work, he was an independent contractor and not an employee within the meaning of the Workmen's Compensation Act.

Argued May 4th—decided June 11th, 1927.

APPEAL by the plaintiff from a finding and award of the compensation commissioner for the first district in favor of the defendant, taken to the Superior Court in Hartford County and reserved by the court (*Jennings, J.*) for the advice of this court.

*George F. Hanrahan,* for the appellant (plaintiff).

*Terry J. Chapin,* for the appellee (defendant).

HINMAN, J. The single question presented by this reservation is the correctness of the commissioner's conclusion, upon the facts found, that the plaintiff was not an employee of the defendant but an independent contractor and hence not entitled to compensation. The arrangement between the parties, as found by the commissioner, was that the plaintiff should cut trees on certain lands of the defendant, starting at the edge of the wood-lot, and cutting such trees as, when dressed down, would furnish, in the plaintiff's opinion, lumber of certain dimensions, and was to receive compensation therefor at the rate of $3 per thousand feet of lumber

so cut. The plaintiff was to do the work in his own way and with his own tools, free from any control by the defendant other than that he was to cut only trees of the specified size. No arrangement was made as to what hours the plaintiff should work or how much he should cut. He started to cut timber in accordance with this arrangement, using his own axe and a cross-cut saw which he borrowed from a friend, and in the afternoon of the first day a large tree upon which he was at work fell upon and injured him.

The test to be applied in determining whether one is an employee or an independent contractor, as established and reiterated in our decisions, is, "had the employer the 'right to direct what shall be done and when and how it shall be done; . . . the right to general control.'" *Morganelli* v. *Derby,* 105 Conn. 545, 551, 135 Atl. 911, and cases cited; *Lassen* v. *Stamford Transit Co.,* 102 Conn. 76, 128 Atl. 117. If so, the workman is an employee; if not, he is an independent contractor. The facts are frequently such as to render it uncertain whether such a right of control has been retained as to constitute wage labor by piece-work rather than service rendered under an independent contract, but no such condition is created by the finding in this case. It appears therefrom that the defendant neither exercised, nor retained authority to exercise, control or supervision as to hours, methods, labor, equipment, or other instrumentalities or processes employed by the plaintiff; the only restriction imposed on the plaintiff was as to the size of the trees to be cut and of the timber to be produced. Possible elements of control are even more conspicuously absent than in *Battey* v. *Osborne,* 96 Conn. 633, 115 Atl. 83. Here, therefore, it is even more true that it "plainly appears that the plaintiff was exercising an independent employment; that he contracted to do a piece

of work by his own means, according to his own methods, and without being subject to the control of the defendant except as to the result of his work. The defendant had no right to direct what should be done to produce the results required, or when or how it should be done. . . . The plaintiff was doing his own business . . . in his own way and under his own will." *Battey* v. *Osborne, supra.* Hence he was an independent contractor.

The Superior Court is advised to render judgment dismissing the appeal.

In this opinion the other judges concurred.