ARTHUR MANNING *vs.* WOODLAND TOBACCO COMPANY ET AL.

First Judicial District, Hartford, May Term, 1931.
MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued May 6th—decided June 1st, 1931.

*S. Polk Waskowitz* and *Edward S. Pomeranz*, with whom, on the brief, was *George Miske*, for the appellants (defendants).

*Henry H. Hunt*, with whom, on the brief, was *Raymond A. Johnson*, for the appellee (plaintiff).

MALTBIE, C. J.   On June 4th, 1930, the compensation commissioner for the first district made a finding and award, in which he dismissed the claimant's claim for compensation upon the ground that he was a volunteer in performing the work in the course of which he was injured, and hence was not an employee of the respondent Woodland Tobacco Corporation, within the terms of the Compensation Act.   In a memorandum attached to the award the commissioner indicated that his conclusion resulted from the view he took of the credibility of certain witnesses.   Thereafter the claimant filed a motion to reopen the matter, but this motion does not appear in the record.   The commissioner granted it and in his ruling stated that the claimant had offered to produce certain evidence not before available bearing upon the question of his em-

ployment to do the work and also that, at the hearing upon the motion, evidence was produced which indicated to the commissioner that he had probably been mistaken as to the veracity of one of the principal witnesses at the original hearing, whom he had distrusted, because of certain contradictory statements he then believed the witness had made to him before the hearing but which it now appeared were probably made by another person. The commissioner for the third district was called in to conduct a rehearing. As a result of this, he made a finding and award in favor of the claimant and the respondents appealed. From a decision of the Superior Court dismissing this appeal, they have brought the action to this court.

One of the principal grounds of appeal is that the commissioner was in error in reopening the matter upon the claimant's motion. The respondents seek in the first instance to raise this question by certain reasons of appeal in which they ask to have the final award made by the acting commissioner corrected to show that no proper basis for opening the matter was shown before the commissioner for the first district. Obviously, if any finding as to the facts upon which the latter acted was to be made, in addition to those appearing in his ruling upon the motion, it would have to be based upon what took place before him and be made by him, and not as a part of the final award made by the acting commissioner. These reasons of appeal we disregard. The only other reason of appeal bearing upon this matter, except one too general to justify attention, is that the evidence introduced upon the motion to reopen could have been secured by the claimant by the use of due diligence before the original hearing and was merely cumulative and therefore not such newly-discovered evidence as would justify granting the motion. In the absence of any attempt

to correct or add to the facts stated by the commissioner in his ruling upon the motion, we must take the case as it is there stated. The mere assurance of the claimant to the commissioner that he would on a rehearing produce other evidence as to his employment would not afford a basis for action by the commissioner, but the actual production of such evidence should have been required that he might properly determine whether it afforded sufficient and proper grounds to grant the motion. However, any defect of this kind is not claimed in the appeal. We do not make the same strict requirement as to the exercise of due diligence by the person seeking a rehearing in a compensation case as we do in an ordinary civil action. *Gonirenki* v. *American Steel & Wire Co.,* 106 Conn. 1, 5, 137 Atl. 26. But in this instance we do not need to apply this doctrine because the commissioner states, in his ruling on the motion, that the evidence was not "hitherto available." If the evidence offered to be produced might be deemed in a sense cumulative, that would not of necessity have destroyed its sufficiency as a ground for granting a rehearing. *Gonirenki* v. *American Steel & Wire Co.,* 106 Conn. 1, 10, 137 Atl. 26. As regards the other grounds stated by the commissioner for granting the motion, as far as appears the fact that the commissioner had had any talk with the witness in question before the hearing and the nature of the statements he was supposed to have made may have been entirely unknown to the claimant or his attorney at the time of the original hearing and have been discovered by them only as a result of the statements made in the memorandum attached to the original award. Certainly evidence offered to correct an erroneous recollection of the commissioner as to such an interview could not be deemed cumulative. As the case is presented to us by the

appeal our conclusion is that there was no error in the ruling of the commissioner reopening the matter.

The respondents also claim that the claimant was not an employee of the Woodland Tobacco Company. The commissioner has found the following facts: The claimant had been engaged in farming, particularly in raising tobacco, owning certain property himself and having an interest in a concern known as Manning & Treat, and stock in a corporation, both of which were also engaged in the same business. Being in financial difficulties, after a conference with his creditors, the respondent corporation was organized, and he turned over to it his real and personal property and his interest in Manning & Treat and in the corporation. Except for certain shares issued to qualify directors of the respondent corporation, the stock was issued to the claimant who indorsed it and turned it over to a bank or banks in trust for his creditors. The claimant expected that his financial difficulties would be so worked out by the corporation as to take care of his creditors and ultimately give him some return from the property which he had turned over to the corporation. He took no part in the management of the corporation. Before it was organized he had purchased certain tobacco sheds, which were on his property in a knocked-down condition, and these were taken over by the corporation. He had been, before engaging in the tobacco business, a carpenter and contractor. After the corporation was organized he was employed by the corporation's manager to repair the shed. In doing this he used several other employees of the corporation, and also the services of another man, who was indebted to him, and who was not to be paid by the corporation but whose wages were to be paid to the claimant. In doing this work, he suffered the injury for which he was awarded compensation.

The respondents contend that the claimant was either a volunteer in doing the work or an independent contractor. His relationship to the corporation and the possible beneficial interest he might have in it would furnish no bar to his employment by it. It is not uncommon for a corporation to employ its stockholders and even a trustee in bankruptcy may employ the bankrupt. 6 Remington, Bankruptcy, § 2666. Of course the claimant's relationship to the corporation might give rise to certain inferences, but the finding of the commissioner that the claimant was actually employed has abundant support in the evidence before him and cannot be changed. It is true that the claimant testified that, in doing the work, he took no orders from anybody, as to when he should come to work or leave, as to how he should do the work, or as to any matter connected with it. But considering the fact that he was an experienced builder, the nature of the work he was doing, and his relationship to the corporation, this was not an unnatural situation for an employee, in charge of the particular job in question. It would not necessarily follow that the corporation did not, if it saw fit to exercise it, have " 'the right to direct what shall be done and when and how it shall be done; . . . the right to general control.' " *Higley* v. *Woodford,* 106 Conn. 284, 285, 137 Atl. 755. Nor was it an unreasonable view to take of the evidence that the men who worked with him, while under his charge as foreman, were also employees of the corporation. Whether the claimant was an independent contractor or an employee was a question of fact fairly open upon the evidence and the finding of the commissioner cannot be corrected to say that he was the former.

There is no error.

In this opinion the other judges concurred.