## JOHN KEARNS *vs.* CITY OF TORRINGTON ET AL.

MALTBIE, C. J., HAINES, BANKS, AVERY and JENNINGS, Js.

Argued February 5th—decided March 5th, 1935.

*William J. Larkin, Jr.*, with whom, on the brief, was *Robert D. Larkin,* for the appellant (plaintiff).

*Walter E. Monagan,* for the appellees (defendants).

MALTBIE, C. J. The claim of the plaintiff first came before Commissioner Williams of the fifth district on September 20th, 1933. He found that on October 7th, 1932, a stick struck the plaintiff while he was working in the course of his employment, causing him some injury; that on the evening of that day he suffered some pain; that he worked one day thereafter but then became incapacitated and so continued to the time of the hearing; that the cause of his incapacity was rheumatic fever, sometimes known as articular rheumatism or inflammatory rheumatism; that this condition had existed long before the injury; and that his incapacity was not due to anything that happened to him on October 7th, 1932. Accordingly the commissioner dismissed the claim. On April 10th, 1934, the plaintiff made a motion to Commissioner Lynch, who had succeeded Commissioner Williams upon his death, to open the award for a rehearing. This motion is not in the record, but the commissioner's decision upon it states that it was general in form, not stating any specific ground or grounds, but that it was agreed by the parties that it might be considered as though it complied with every requirement of the law; and the transcript of the proceedings at the hearing upon the motion shows that the defendant waived the general form and agreed that the motion might be treated as though stating as grounds newly discovered evidence or changed conditions of fact. The commissioner granted the motion. Thereafter the claim was reheard. The commissioner found that immediately after the injury the plaintiff was totally incapacitated by reason of acute infectious arthritis, that before it the disease had not incapacitated him, and that the injury caused the incapacity by aggravating a pre-existing condition.

He awarded compensation to the plaintiff. The defendant appealed to the Superior Court, assigning as error the action of the commissioner in opening the award and also attacking the award, seeking various corrections in the finding which, if made, would make it erroneous. The trial court decided that the commissioner erred in opening the original award and so found it unnecessary to pass upon the other reasons of appeal.

The commissioner's memorandum of decision in opening the original award shows that he based his decision upon the provisions of the statute which gives power to a commissioner to modify an award where "changed conditions of fact have arisen which necessitate a change of such agreement or award in order properly to carry out the spirit" of the Workmen's Compensation Act. General Statutes, § 5240. The finding of the commissioner on the rehearing was that at all times subsequent to the injury the plaintiff was suffering from acute infectious arthritis which caused his incapacity. The brief of the plaintiff makes clear his position, that in the early stages of suffering the symptoms of rheumatic fever, from which the claimant was found at the first hearing to be suffering, and those of infectious arthritis, from which at the rehearing his incapacity was found to result, are not distinguishable; that the latter, but not the former, produces ultimately a change in the joints of the body; that this change had not progressed so far as to be discoverable at the time of the first hearing, but that it was present at the time of the rehearing. If these facts were established they would not produce such a changed condition of fact as the statute contemplates; they would merely establish a mistaken diagnosis at the first hearing but the disease would have been the same at all times. *Grabowski* v. *Miskell*, 97 Conn.

76, 83, 115 Atl. 691; *Hayden* v. *Wallace & Sons Mfg. Co.,* 100 Conn. 180, 185, 123 Atl. 9. The commissioner was not justified in opening the award upon the ground that he did. If, however, his finding stated the necessary facts, that he proceeded upon the wrong ground would not require that his decision be over-ruled.

The facts which the plaintiff states in his brief as the basis of his claim would undoubtedly justify the opening and modifying of the award upon the ground that material evidence probably sufficient to change the result, not discoverable at the first hearing, had subsequently developed. *Gonirenki* v. *American Steel & Wire Co.,* 106 Conn. 1, 6, 137 Atl. 26. Indeed, even if the evidence did not go so far as that, but merely established that the changes in the joints, though present to some extent at the time of the original hearing, had at the time of the rehearing so far developed as materially to alter the basis upon which the diagnosis of the plaintiff's disease must rest, it might be that the commissioner would be justified, in the exercise of a proper discretion, in opening the award. The trial court, recognizing that the only tenable ground for the action of the commissioner in opening the award was newly discovered evidence, held that the evidence proposed to be offered at the rehearing was discoverable by the plaintiff before the original hearing with due diligence and was merely cumulative, and upon this basis determined that the commissioner was in error in granting the motion.

We have not been entirely consistent in our statement of the principle which should guide a commissioner in the exercise of his discretion in acting upon a motion to open an award upon the ground of newly discovered evidence. In *Fair* v. *Hartford Rubber Works Co.,* 95 Conn. 350, 356, 111 Atl. 193, we said that

"the rule which denied a rehearing to a non-diligent litigant is not applied in cases where the State is interested for reasons of public policy," and that the State is interested "in seeing that the employer bears his statutory share of the burden [of loss to an employee by injury], lest the injured employee should become a public charge." In *Grabowski* v. *Miskell*, 97 Conn. 76, 115 Atl. 691, we substantially restated this position. In *Hayden* v. *Wallace & Sons Mfg. Co.*, 100 Conn. 180, 123 Atl. 9, we held that an employer because of his negligence was not entitled to have an award opened and changed where more than a year after entering into a voluntary agreement to pay compensation it discovered that the claimant was not one of its employees under the act and we said of our ruling in *Fair* v. *Hartford Rubber Works Co.*, above quoted, that (p. 188): "We were speaking of a mistake made through inadvertence, not of a mistake made in a case of negligence long continued." In *Biederzycki* v. *Farrel Foundry & Machine Co.*, 103 Conn. 701, 131 Atl. 739, we applied the rule stated in the case last cited where after an award to the employee he died and the defendants sought to retry the issue of their liability to pay compensation. In *Gonirenki* v. *American Steel & Wire Co.*, 106 Conn. 1, 5, 137 Atl. 26, we restated the position taken in the *Fair* and *Grabowski* cases that the rule upon a motion to open an award was the same as in a petition to a court for a new trial for newly discovered evidence, "without the limitation governing its exercise of this power, that in the given case it must appear that the private suitor could not in the exercise of reasonable diligence have theretofore sought the remedy he now seeks;" and we held that the commissioner had the right to open the award in order to hear evidence as to a pathological examination of the claimant's leg subsequent to the original

award which furnished further evidence to substantiate his claim, with the medical opinion based thereon. In *McCulloch* v. *Pittsburgh Plate Glass Co.*, 107 Conn. 164, 167, 140 Atl. 114, we said: "Moreover, we think that in the Superior Court, as well as before the commissioner, the general rule which denies a rehearing to a nondiligent litigant is not to be applied in all strictness in compensation cases, but, in the absence of other than technical prejudice to the opposing party, the liberal spirit and policy of the Compensation Act should not be defeated or impaired by a too strict adherence to procedural niceties." In *Manning* v. *Woodland Tobacco Co.*, 113 Conn. 282, 285, 155 Atl. 61, while pointing out that in that case there was no occasion to apply the rule, we said: "We do not make the same strict requirement as to the exercise of due diligence by the party seeking a rehearing in a compensation case as we do in an ordinary civil action." Finally, in *McGrath* v. *Crane Co.*, 119 Conn. 170, 173, 175 Atl. 172, we said: "Where it is sought to open the judgment of a court or the award of a commissioner upon the ground of newly discovered evidence, certain limitations are imposed upon the exercise of the power. The evidence must be newly discovered, and not have been discoverable before the trial by the use of due diligence. It must not be merely cumulative, and it must appear that the new evidence would probably be sufficient to change the result." In this case the action of the commissioner in refusing to open an award was sustained, where the claimant sought a rehearing that he might add certain alleged facts as to the occurrence of the injury which had been at all times within his own knowledge.

As we stated in *Hayden* v. *Wallace & Sons Mfg. Co.*, supra, p. 187, underlying the limitation upon the right of a party to have an award in a compensation

case opened for newly discovered evidence, is the principle "of universal authority whose base is public policy, and is expressed in the maxim *Interest reipublicæ ut sit finis litium,* which we denominated in *Burritt* v. *Belfy,* 47 Conn. 323, 329, as the 'embodiment of wisdom and justice.'" We have suggested, however, that this principle does not have the strict application in proceedings for workmen's compensation that it has as regards proceedings in the courts. *Glodenis* v. *American Brass Co.,* 118 Conn. 29, 34, 170 Atl. 146. As we said in the *McCulloch* case (p. 167): "In the absence of other than technical prejudice to the opposing party, the liberal spirit and policy of the Compensation Act should not be defeated or impaired by a too strict adherence to procedural niceties." A party to a compensation case is not entitled to try his case piecemeal, to present a part of the evidence reasonably available to him and then, if he loses, have a rehearing to offer testimony he might as well have presented at the original hearing. He must be assumed to be reasonably familiar with his rights and with the requisites of proof necessary to establish his claim; and to permit him intentionally to withhold proof, or to shut his eyes to the reasonably obvious sources of proof open to him, would be fair neither to the commissioner and the court nor to the defendant. Where an issue has been fairly litigated, with proof offered by both parties, a claimant should not be entitled to a further hearing to introduce cumulative evidence, unless its character or force be such that it would be likely to produce a different result. *Gonirenki* v. *American Steel & Wire Co.,* supra, p. 11. On the other hand, mere inadvertence on his part, mere negligence, without intentional withholding of evidence, particularly where there is no more than technical prejudice to the adverse party, should not necessarily debar him of his rights, and

despite these circumstances a commissioner in the exercise of his discretion might be justified in opening an award. No definite rule can be formulated, but the policy that litigation should be brought to as speedy an end as is reasonably compatible with justice to the parties, prejudice or lack of it to the opposing party, the conduct of the party seeking to open the award, particularly with regard to any reason he may have for not having produced the evidence at the original hearing, the nature of the testimony and its probable effect upon the conclusion reached, and the other relevant circumstances must all be considered. The matter is one which must lie very largely within the discretion of the commissioner.

The commissioner in this case placed his decision upon the motion upon a ground which is not tenable. Approaching the matter from the standpoint of newly discovered evidence, all that the finding states is that at the onset of rheumatism or acute infectious arthritis the diagnosis is difficult and it is impossible to tell for some period of time whether or not one is suffering from one or the other. The injury to the plaintiff occurred on October 7th, 1932, and the original hearing was held on September 20th, 1933; the finding fails to state that the change in the joints which would serve to distinguish these diseases from each other was not discoverable or even not known at the time of the original hearing; indeed, it fails to show that testimony as to it was not offered and its effect in diagnosing the illness of the plaintiff not considered at the original hearing. The finding fails to show such a case as would justify the commissioner, even in the exercise of a legal discretion, in opening the award. The trial court was correct, therefore, in its conclusion that his action in so doing was erroneous. But it does not necessarily follow that the proper course was to give

judgment finally terminating the plaintiff's rights. Even though a claimant has failed for some reason to establish his right to compensation, if it appears reasonable to suppose that upon further proceedings he may be able to do so, the case may properly be remanded for such proceedings. *Glodenis* v. *American Brass Co.*, supra, p. 34; *Henderson* v. *Mazzotta*, 113 Conn. 747, 157 Atl. 67. The commissioner, after a full hearing, found that the plaintiff was entitled to compensation, and the error upon which the trial court based its judgment was the action of the commissioner upon the preliminary motion to open the award. Through misunderstanding the proceeding failed to develop the vital issue as to whether, within the scope of a motion based upon newly discovered evidence, the plaintiff was entitled to have the award opened. Under these circumstances the trial court should have remanded the case to the commissioner for a proper determination of the rights of the parties in the spirit of the Compensation Act, in the light of the true situation.

There is error, the judgment is set aside and the case remanded to the Superior Court with direction to return it to the commissioner for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.