SUSANNA WINZLER v. UNITED AIRCRAFT CORPORATION ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued April 4—decided May 3, 1945.

*George Miske*, with whom, on the brief, was *George C. Lessner*, for the appellant (plaintiff).

*Edward S. Pomeranz*, for the appellees (defendants).

PER CURIAM. Upon this appeal from the trial court's judgment confirming the commissioner's find-

ing and award denying workmen's compensation to the plaintiff, the facts found may be thus summarized: The plaintiff's claim was for a sore and lame condition of her right shoulder alleged to be due to the lifting of magnetos during the course of her employment. On December 31, 1943, she went to the defendant employer's first-aid hospital in connection with a finger injury and at that time reported this shoulder difficulty. She was examined for the shoulder condition and gave no history of injury, but maintained that her shoulder was sore and lame from the cause stated above. She was advised that her condition was not compensable and to get her own doctor, which she did. He, having diagnosed the trouble to be periarticular adhesions, operated to relieve this condition, and the plaintiff lost nine or ten weeks from work in consequence. For this period she collected the benefits provided by her group insurance policy, which covered disability not compensable under the Workmen's Compensation Act. The commissioner concluded that the plaintiff did not suffer an accidental injury which could be definitely located as to the time when and the place where it occurred, that she had not suffered an occupational disease and that her condition was not due to her work or any accidental injury. It is only necessary to consider the last conclusion.

Under our procedure, in determining this issue we are entitled to assume that all the evidence upon the question was before the trial court and is contained in the record now before us. *Furlani* v. *Avery,* 112 Conn. 333, 336, 152 Atl. 158; *Kenyon* v. *Swift Service Corporation,* 121 Conn. 274, 278, 184 Atl. 643. This shows that the material evidence is restricted to testimony of the plaintiff herself and that of two doctors, hers on the one side and the defendant's on the other. However far the plaintiff's statements go in support of

her claim, it was for the commissioner to determine to what extent to believe them. It was his right to accept them in part and reject the rest. *Leitzes* v. *F. L. Caulkins Auto Co.*, 123 Conn. 459, 461, 196 Atl. 145. With this right, as exercised in this case, the Superior Court could not, nor can this court, interfere. Particularly is this true in view of the express statement in the commissioner's memorandum that he did "not believe that the claimant's difficulty in the shoulder was due to her occupation." *Calvo* v. *Bartolotta*, 112 Conn. 396, 398, 152 Atl. 311; Conn. App. Proc., § 92. There was also presented a conflict of medical testimony which again it was solely the commissioner's right and duty as trier of the facts to determine. *Senzamici* v. *Waterbury Castings Co.*, 115 Conn. 446, 451, 161 Atl. 860; *Stier* v. *Derby*, 119 Conn. 44, 51, 174 Atl. 332; *Culhane* v. *Aetna Life Ins. Co.*, 124 Conn. 237, 241, 199 Atl. 103. The trial court's decision that the commissioner's determination of this issue could not be disturbed was correct and is conclusive of the appeal.

There is no error.