FLORENCE ENGELHARD *v.* CAPEWELL MANUFACTURING COMPANY ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued April 6—decided June 12, 1950

*Florence Engelhard,* pro se, the appellant (plaintiff).

*Edward S. Pomeranz,* with whom was *William P. Aspell,* for the appellees (defendants).

BALDWIN, J. The plaintiff appeals from a judgment of the Superior Court affirming the finding and award of a workmen's compensation commissioner. On October 15, 1946, the plaintiff was an employee of the named defendant. On that day, during the course of her employment in the defendant's plant, as she entered a passageway she came into collision with a hand truck which was being pushed by two of the defendant's employees. The plaintiff sought compensation for injuries which she claimed resulted from the accident. The issues presented on this appeal concern the commissioner's determinations as to the causal connection between the accident and the injuries and as to their

nature and extent. The case was fully tried before the commissioner, where the plaintiff was represented by counsel. The commissioner found that she had sustained cuts and bruises on her legs and a possible injury to the peroneal nerve of her right leg from which she had completely recovered. He awarded compensation for time lost from work and made an allowance for medical and hospital treatment covering the period October 15, 1946, to February 3, 1947.

The plaintiff claims that she has not recovered from the effect of the injuries to her legs and that she sustained, in addition, an injury to her back for which the commissioner made no allowance whatever. Not satisfied with the finding and award, and acting in her own behalf, she prosecuted an unsuccessful appeal to the Superior Court and has now appealed to this court. Her reasons of appeal and assignment of errors are very informal. She has filed no brief. We adopt the policy which we have usually followed when a layman appears pro se and consider her claims so far as they are presented upon the record. *Osterlund* v. *State*, 129 Conn. 591, 594, 30 A. 2d 393.

The record shows, in substance, that the medical testimony was conflicting. The appeal involves solely questions of fact and the conclusions to be drawn therefrom. It was the province of the commissioner to accept the evidence which seemed to him to be credible and more weighty. *Cishowski* v. *Clayton Mfg. Co.*, 105 Conn. 651, 655, 136 A. 472; *Powers* v. *Hotel Bond Co.*, 89 Conn. 143, 149, 93 A. 245; *Reynolds* v. *Rider Dairy Co.*, 125 Conn. 380, 383, 5 A. 2d 855; *Burdick* v. *United States Finishing Co.*, 130 Conn. 455, 458, 35 A. 2d 405. We cannot hold that his conclusions, which were sustained by the Superior Court, were the result of an incorrect application of any rule or principle of law to the subordinate facts or that they are in conflict

with the rules of sound reason or logic. *Drouin* v. *Chelsea Silk Co.*, 122 Conn. 129, 131, 187 A. 904.

There is no error.

In this opinion the other judges concurred.