BENJAMIN HARRISON *v.* THE ARMSTRONG RUBBER COMPANY

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued February 7—decided February 26, 1952

*Clarence A. Hadden,* for the appellant (defendant).

*Daniel Baker,* for the appellee (plaintiff).

BALDWIN, J. The defendant has appealed from a judgment of the Superior Court dismissing its appeal from an award of the compensation commissioner in favor of the plaintiff.

The commissioner found, and it was not challenged, that on or about June 21, 1948, the plaintiff, an em-

ployee of the defendant, sustained an injury to his back while lifting a heavy tire. The injury did not incapacitate him at the time. The commissioner also found that the plaintiff sustained an injury to his back on October 14, 1949, while lifting a heavy tire from a hole into which it had fallen, and later became incapacitated. An operation on his back disclosed a ruptured disc, which was removed. The commissioner concluded that the injury of October 14, 1949, in and of itself caused the plaintiff's incapacity and awarded him compensation. The claim of the defendant is that there was no medical testimony to support this finding. It points to the testimony of Dr. Samuel P. W. Black, who treated the plaintiff and who testified in his behalf and attributed the ruptured disc to the accident of June 21, 1948. However, Dr. William M. O'Connell, called as a medical expert by the defendant, in answer to a hypothetical question on cross-examination testified that it was "reasonable to assume" that the plaintiff again dislocated the disc on October 14, 1949. This is the equivalent of saying that the reasonable probability was that the injury to the disc which indisputably caused the plaintiff's incapacity was the one which occurred on October 14. This testimony offers adequate support for the commissioner's conclusion.

"It is within the province of the Commissioner alone to determine, on conflicting and confusing evidence, what the facts are, and neither appellate court will change his finding unless it appears that he has found facts without evidence, or that he could not reasonably reach the conclusions he has stated." *Battey* v. *Osborne*, 96 Conn. 633, 634, 115 A. 83; *Shedlock* v. *Cudahy Packing Co.*, 134 Conn. 672, 674, 60 A. 2d 514; *Engelhard* v. *Capewell Mfg. Co.*, 137 Conn. 32, 34, 74 A. 2d 476; Maltbie, Conn. App. Proc., § 123; see *Palumbo* v. *George A. Fuller Co.*, 99 Conn. 353, 355,

122 A. 63. The medical testimony, when considered in its entirety, justifies the finding of the commissioner upon which his award was predicated. *Sgritta* v. *Hertz Construction Co.*, 124 Conn. 6, 8, 197 A. 754; *Kosik* v. *Manchester Construction Co.*, 106 Conn. 107, 109, 136 A. 870; *Barry* v. *Miller*, 104 Conn. 362, 365, 133 A. 37.

There is no error.

In this opinion the other judges concurred.