EDWIGE STANKEWICZ *v.* STANLEY WORKS ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued October 7—decided November 4, 1952

*Harold K. Watrous,* with whom were *Marshall S. Feingold, S. Benton Guiney, Jr.,* and, on the brief, *Daniel G. Campion,* for the appellants (defendants).

*William A. Keefe,* for the appellee (plaintiff).

BALDWIN, J. The defendants appeal from a judgment of the Superior Court sustaining a finding and award of a workmen's compensation commissioner in favor of Edwige Stankewicz, dependent widow of Michael Stankewicz. On January 2, 1951, Stankewicz was found dead on the floor of the turbine room in the plant of the named defendant, his employer. The

only question presented by the appeal is whether Stankewicz' death arose out of his employment. This question is raised by claims of error in the refusal to correct the commissioner's finding and in the conclusion drawn therefrom that the decedent's death was compensable.

The commissioner found that the principal work of Stankewicz was to burn refuse in an incinerator in the plant. He was also required to watch the water pressure in gauges on certain boilers. He worked through the noon hour and ate his lunch on company time, usually between 11:30 and 12:00 o'clock in the forenoon in a locker room adjoining the turbine room. The passage from the locker room to the turbine room was by a door and down one step. About 11:50 a. m. on January 2, fellow workers discovered Stankewicz lying prone on the floor in the turbine room. His left foot rested on the step, and his right foot was turned under his left leg. There was evidence of injury in the right temporal region of his head caused by striking the concrete floor. The commissioner concluded that Stankewicz had slipped upon or stumbled over the step while entering the turbine room from the locker room and had fallen, striking his head and sustaining an injury which caused his death.

The defendants assert that this conclusion is purely speculative. They claim that Stankewicz died of a heart attack, that it caused his fall and the resulting evidence of head injury, and that his death did not arise out of his employment so as to be compensable under the act. General Statutes § 7419. "An injury arises out of an employment when it occurs in the course of the employment and is the result of a risk involved in the employment or incident to it, or to the conditions under which it is re-

quired to be performed." *Marchiatello* v. *Lynch Realty Co.,* 94 Conn. 260, 263, 108 A. 799; *Savage* v. *St. Aeden's Church,* 122 Conn. 343, 345, 347, 189 A. 599. The use of the doorway from the locker room to the turbine room, which required going up and down the step, was certainly incidental to and a condition of the employment of the deceased. The place where he was found, the position in which his body and limbs were lying, his custom of going from the locker room to the turbine room after he had eaten his lunch, and his duty of watching the pressure gauges on the boilers reasonably support the inference, as a question of fact, that he slipped or stumbled over the step and fell, striking his head and sustaining a head injury. The commissioner's finding that this head injury was the cause of death is also one of fact. *Nicotra* v. *Bigelow, Sanford Carpet Co.,* 122 Conn. 353, 359, 189 A. 603. Whether it can be sustained depends upon the expert medical testimony in the case. The expert testimony produced by the plaintiff included the opinion that the head injury was the cause of death. That produced by the defendants was to the contrary. It was the province of the commissioner to accept the evidence which impressed him as being credible and the more weighty. *Cishowski* v. *Clayton Mfg. Co.,* 105 Conn. 651, 655, 136 A. 472. A finding so made by the commissioner cannot, other than in the most exceptional case, be successfully attacked. *Burdick* v. *United States Finishing Co.,* 130 Conn. 455, 459, 35 A.2d 405; *Harrison* v. *Armstrong Rubber Co.,* 138 Conn. 567, 568, 86 A.2d 722; *Winzler* v. *United Aircraft Corporation,* 132 Conn. 118, 120, 42 A.2d 655. This is not such a case.

There is no error.

In this opinion the other judges concurred.