JACK GREENBERG *v.* ELECTRIC BOAT COMPANY ET AL.

SUPERIOR COURT          NEW LONDON COUNTY          FILE NO. 21576

Memorandum filed May 12, 1954.

*Cummings & Lockwood,* of Stamford, for the plaintiff.

*Frank E. Dully,* of Hartford, for the defendants.

TROLAND, J. In October, 1942, the plaintiff, while engaged in tearing down a wooden staging around a submarine at Electric Boat Company, was struck on the head by a plank measuring about 16 feet $\times$ $2\frac{1}{2}$ inches $\times$ 10 inches. The blow did not cause a laceration of the scalp but produced a lump. Plaintiff was not knocked down or rendered unconscious by the blow. He continued working, but two days later, his head still bothering him, he went to the company infirmary. The nurse in attendance looked at his head, felt the lump, made some comment and sent him away. Two weeks later, plaintiff again visited the infirmary, saw the same nurse, who looked at the lump on his head, said it would go away, and told him to leave the infirmary.

The plaintiff continued to work for the Electric Boat Company until April, 1943. He made no further complaint to the company about his head. About April, 1943, he went to work on the family farm. In July, 1946, due to a variety of mental symptoms, he consulted a psychiatrist, received electro-shock treatments and showed marked improvement. In March and April, 1948, his physician prescribed further electro-shock treatments, and because the plaintiff did not improve he was admitted to Norwich State Hospital. At Norwich State Hospital his condition was diagnosed as dementia praecox (schizophrenia) of undetermined type. After treatment there, plaintiff was discharged on December 14, 1949.

In the summer of 1950 he began to grow blind. In September of 1950 he was admitted to Mt. Sinai Hospital in New York, where he came under care of Dr. Sidney W. Gross, a neurosurgeon, who on September 12, 1950, performed a bifrontal craniotomy,

removing a large benign tumor known as a meningioma, which occupied both frontal fossa. The plaintiff is industrially blind and his blindness was caused by the meningioma.

In this case the plaintiff contends that the meningioma found and removed in September, 1950, was caused by the blow on the head received in October, 1942. The defendants deny this claim. The workmen's compensation commissioner has found, on conflicting evidence, that there was no causal connection between the blow on the head received by the plaintiff at the Electric Boat Company in October, 1942, and the growth of the meningioma removed in September, 1952, and has denied plaintiff's claim for compensation.

The examination of the record on this appeal, by the court, indicates that the plaintiff is entitled to certain corrections of the finding of the commissioner, and they are hereby made, by adding to the finding the following facts:

1. At all times prior to October, 1942, claimant was in good physical and mental health. He had never suffered a blow to his head of any kind. He was a good strong, steady worker.

2. In October, 1942, his hourly wage was $1.375 and his average weekly earnings were about $67 per week.

3. The blow from the plank was on the right frontal area of the claimant's head.

4. When claimant first visited the infirmary the nurse felt the bump, told plaintiff to lie down and sent him away.

5. On the second visit of claimant to the infirmary the nurse looked at the bump on claimant's head and said it would go away and told him to leave the infirmary.

6. A meningioma is a type of brain tumor which grows slowly and requires several months for the development of symptoms.

7. The claimant incurred the following expenses in connection with the treatment of his mental symptoms, hospitalization and operation:

| | |
|---|---:|
| Dr. Drobnes, Norwich, Conn. | $ 600.00 |
| Dr. Quintiliana, Norwich, Conn. | 9.00 |
| Dr. Siegel, Norwich, Conn. | 3.00 |
| Dr. Sussler, Norwich, Conn. | 6.00 |
| Dr. Callahan, Norwich, Conn. | 6.00 |
| Dr. Rosner, New York, N. Y. | 40.00 |
| Dr. Epstein, New York, N. Y. | 15.00 |
| Dr. Gross, New York, N. Y. | 1000.00 |
| Dr. Gross (expenses) | 150.00 |
| Dr. Rosenthal, New York, N. Y. | 175.00 |
| Norwich State Hospital | 232.00 |
| Mt. Sinai Hospital | 1306.15 |
| Traveling Expenses | 500.00 |
| | $ 4042.15 |

8. Within a period of one year from the date of the injury, the employer furnished claimant with medical care for the injury, within the meaning of § 1613c of the Cumulative Supplement of 1935.

9. Electric Boat Company was not prejudiced by claimant's failure to give written notice of claim within one year.

10. Dr. Gross, an expert in neurosurgery, on the basis of his examination and operation on the claimant, was of the opinion that the 1942 injury was causally related to the meningioma, which in turn caused the blindness.

The main problem confronting the commissioner was to determine whether on all the evidence a causal connection between the blow on the head received

by the claimant, at the Electric Boat Company in October, 1942, and the growth of the meningioma removed in September, 1950, had been established. This determinaton is exceedingly difficult to make. The trier of the facts is required to make a finding of fact in a field in which there is a sharp divergence of scientific opinion as to the cause of tumors, and the relationship of trauma thereto. There are many cases in which the highest courts of many states have held on the evidence before them that a causal connection between trauma and tumor has been satisfactorily established. Such citations are of course weighty arguments to present to the trier. They do not however make the subject res adjudicata.

The commissioner has found that "there is no proof that meningiomas are caused by trauma." This finding has caused the court some concern, because it seems to indicate that the commissioner may have held the claimant to a degree of certainty of proof that is unattainable in a field of wide conflict among the experts. However, the burden of proving the causal connection between the trauma and the tumor in this case rests on the claimant. There were a number of factors to be considered together with the opinion of the doctors, including the force and location of the blow, the lack of symptoms for several years, etc.

Dr. Gross stated emphatically that the trauma caused the meningioma. Dr. Buckley was equally emphatic in his opinion that the blow did not cause and did not aggravate the meningioma. Under our rules and decisions the finding of fact in this dilemma was for the trier, in this case the commissioner. In a case which under the evidence could have been decided properly either way, the commissioner made his choice and found that the trauma did not cause the tumor. As he says in his finding, "It was Dr. Buckley's opinion, and I find, that there was no

causal connection between the blow on the head received by the claimant at the Electric Boat Company in October, 1942, and the growth of the meningioma removed in September, 1950."

The court cannot find, on the whole case, that the finding of the commissioner as to the lack of causality was so arbitrary or unreasonable as to justify judicial interference. *Driscoll* v. *Jewel Belting Co.*, 96 Conn. 295; *Stankewicz* v. *Stanley Works*, 139 Conn. 215; *Harrison* v. *Armstrong Rubber Co.*, 138 Conn. 567; *Engelhard* v. *Capewell Mfg. Co.*, 137 Conn. 32; Practice Book § 312.

Judgment may enter dismissing the appeal.