[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #145
On February 27, 1992, the plaintiff, Frederick Pesce, filed a revised amended complaint against the defendants, Connecticut National Bank ("CNB") and Helen Mullen. The plaintiff is the owner and operator of Johnnycake Airport. The defendants are the co-executors and trustees of the will of Morris Hogan ("Hogan"), who died September 27, 1989. The plaintiff contends that he has owned and operated the airport since 1955, and that for approximately thirty years he has used Hogan's land as a runway for the airport. The plaintiff also alleges that the defendants intend to dispose of Hogan's land and, as a result of such action, the airport will be forced to close. The plaintiff's revised amended complaint alleges, in count one, a cause of action for negligent misrepresentation and, in count two, a cause of action for fraudulent misrepresentation. CT Page 6905
On March 24, 1992, the defendants filed an answer in which they denied many key assertions put forth by the plaintiff. The defendants also filed eleven special defenses. On April 8, 1992, the plaintiff filed a reply to the special defenses in which he denied the allegations contained therein. On April 23, 1992, the defendants filed a motion for summary judgment on both counts of the revised amended complaint. Attached to this motion were a supporting memorandum and accompanying exhibits. On May 22, 1992, the plaintiff filed a memorandum in opposition to the motion for summary judgment and accompanying exhibits.
Summary judgment is provided for in Practice Book 378-384, and is a means of eliminating the "delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1980). Summary judgment "`shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 578, 573 A.2d 699 (1990) (quoting Practice Book 384). Additionally, the trial court, in ruling on a motion for summary judgment, must "view the evidence in the light most favorable to the nonmoving party." Connell v. Colwell, 214 Conn. 242, 246-47,571 A.2d 116 (1990).
In their memorandum in support of their motion for summary judgment, the defendants contend that the alleged facts cannot support the imposition of liability on the grounds of either negligent or fraudulent misrepresentation. The defendants contend that there are no issues of material fact, and that they are entitled to judgment as a matter of law. In its opposing memorandum, the plaintiff rebuts these claims.
SUMMARY JUDGMENT AS TO COUNT ONE
Our courts have long recognized liability for negligent misrepresentation. See, e.g., D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206, 217, 520 A.2d 217 (1987). In that case the court stated that "even an innocent misrepresentation of fact `may be actionable if the declarant has the means of knowing, ought to know, or has the duty of knowing the truth.'" Id., quoting Richard v. A. Waldman Sons Inc.,155 Conn. 343, 346, 232 A.2d 307 (1967). See also J. Frederick Scholes Agency v. Mitchell, 191 Conn. 353, 359, 464 A.2d 795 (1983). The governing principles of such a claim are as follows:
 `One who, in the course of his business, profession or employment . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by CT Page 6906 their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.'
D'Ulisse-Cupo, supra, 218, quoting Restatement Second of Torts (1979), 552.
As the D'Ulisse-Cupo court stated, "[f]or purposes of a cause of action for negligent misrepresentation . . . the plaintiff need not prove that the representations made by the defendants were promissory. It is sufficient to allege that the representations contained false information." Id., 218. Whether or not such representations contained false information is a question of fact. Furthermore, because at issue in such a claim is whether reasonable care or competence was used in obtaining or communicating information, id., additional questions of fact are raised. See, e.g., Kelly v. Chambers, 3 CSCR 195 (January 11, 1988, Berdon, J.)
Furthermore questions of motive, intent and subjective feelings and reactions are particularly inappropriate for resolution in a motion for summary judgment. See, e.g., Nolan v. Borkowski, 206 Conn. 495, 504-05, 538 A.2d 1031 (1988). Because the question of negligent misrepresentation raises issues of fact not appropriate for summary judgment, the defendants' motion is denied as to this count.
SUMMARY JUDGMENT AS THE SECOND COUNT
The plaintiff's second count alleges a cause of action sounding in fraudulent misrepresentation. Our Supreme Court has held that:
 The essential elements of an action in fraud . . . are: (1) that a false representation was made as a statement of fact; (2) that it was untrue and known to be untrue by the party making it; (3) that it was made to induce the other party to act on it; and (4) that the latter did so act on it to his injury.
Miller v. Appleby, 183 Conn. 51, 54-55, 438 A.2d 811 (1981). See also Billington v. Billington, 220 Conn. 212, 217, 595 A.2d 1377
(1991); Paiva v. Vanech Heights Construction Co., 159 Conn. 512,515, 271 A.2d 69 (1970). The Miller court further stated that "`[f]raud and misrepresentation cannot be easily defined because they can be accomplished in so many different ways. They present, however, issues of fact.'" Miller, supra, 55, quoting Hathaway v. Bornmann, 137 Conn. 32, 324, 77 A.2d 91 (1950) (emphasis added). See also McClintock v. Rivard, 219 Conn. 417, 427, 593 A.2d 1375
(1991). CT Page 6907
The contrasting documents submitted by the parties, such as affidavits and excerpts from transcripts of depositions, along with the foregoing analysis, lead this court to find that questions of fact exist. Therefore, pursuant to Hammer, supra, the motion for summary judgment is denied.
DRANGINIS, J.