******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

GIUSEPPE PREVITI *v.* MONRO MUFFLER
BRAKE, INC., ET AL.
(AC 35849)

Lavine, Alvord and Harper, Js.

*Argued October 16, 2014—officially released January 13, 2015*

(Appeal from Workers' Compensation Review Board.)

*Jennifer B. Levine*, with whom was *Harvey L. Levine*, for the appellant (plaintiff).

*Anne Kelly Zovas*, for the appellees (defendants).

*Opinion*

LAVINE, J. The plaintiff, Giuseppe Previti, appeals from the decision of the Workers' Compensation Review Board (board) affirming the corrected finding and award of the Workers' Compensation Commissioner (commissioner) in favor of the plaintiff. The plaintiff claims that the board improperly concluded that the commissioner did not abuse his discretion when he reduced the amount of attorney's fees awarded to the plaintiff from $1481 to $1. We affirm the decision of the board.

The following facts and procedural history are relevant to this appeal. On August 13, 2007, the plaintiff suffered a back injury while in the course of and as a result of his employment with the defendant Monro Muffler Brake, Inc.[1] A formal hearing before the Workers' Compensation Commission commenced on March 9, 2010, and the record was closed at a hearing session on March 6, 2012. On July 3, 2012, the commissioner issued his finding and award. The issues before the commissioner were whether: (1) the plaintiff is entitled to temporary partial disability benefits from May 19, 2009, forward; (2) to authorize pain management treatment and a psychiatric evaluation for the plaintiff; and (3) to order the defendants to pay the plaintiff interest and attorney's fees due to their undue delay in adjusting compensation and/or unreasonably contesting the plaintiff's claim. The commissioner concluded that the defendants owed the plaintiff $7681.80 in temporary partial disability benefits for the period of May 19, 2009, to December 11, 2009, and an interest amount of $88.96 because the defendants unreasonably contested their liability to pay temporary partial disability benefits. The commissioner denied the plaintiff's requests for pain management and a psychiatric evaluation. He also ordered the defendants to pay the plaintiff attorney's fees in the sum of $1481,[2] pursuant to General Statutes § 31-300.[3]

On July 26, 2012, the plaintiff filed a motion to correct, pursuant to Section 31-301-4 of the Regulations of Connecticut State Agencies, seeking a future hearing on the amount of attorney's fees he was due because "[t]he evidence and the law does not support the commissioner's finding of $1481."[4] The commissioner denied the plaintiff's proposed changes in his ruling on the motion to correct. The commissioner, however, corrected his award of attorney's fees and determined that it must be vacated. He reduced the attorney's fee award to a nominal amount of $1 because the plaintiff failed to put forth any evidence of the time his attorney expended as a result of the defendants' unreasonable contest of his temporary partial disability claim. Moreover, the commissioner concluded that the issue of attorney's fees could not be the subject of future hearings. The plaintiff, thereafter, filed a motion for articulation,

which the commissioner granted. In the commissioner's articulation, he reiterated that it was the plaintiff's burden to enter evidence of his attorney's fees but he failed to do so at the formal hearing sessions, over the course of two years. The commissioner noted that, "no party is entitled to try [its] case in a piecemeal fashion" and determined that the plaintiff's failure to proffer the necessary evidence prevented the commissioner from sustaining his award of $1481.

The plaintiff appealed to the board from the commissioner's corrected finding and award. The board was presented with the issue that is now facing this court: Whether the commissioner abused his discretion by correcting the amount of attorney's fees awarded to a nominal amount. In affirming the commissioner's finding and award, the board emphasized that, on appeal, the board gives great deference to the commissioner and only overturns findings of the commissioner that are lacking evidentiary support, are contrary to the law, or based on unreasonable inferences. See *Kish* v. *Nursing & Home Care, Inc.*, 248 Conn. 379, 384, 727 A.2d 1253 (1999). The board found that the commissioner reached a reasonable award on the basis of the record. This appeal followed.

At the outset, we set forth the applicable standard of review. "A party aggrieved by a commissioner's decision to grant or deny an award may appeal to the board . . . . The board is obligated to hear the appeal on the record and not retry the facts. . . . [T]he power and duty of determining the facts rests on the commissioner, the trier of facts. . . . The conclusions drawn by him from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . Our scope of review of the actions of the board is similarly limited. . . . The role of this court is to determine whether the . . . [board's] decision results from an incorrect application of law to the subordinate facts or from an inference illegally or unreasonably drawn from them." (Internal quotation marks omitted.) *Kinsey* v. *World Pac*, 152 Conn. App. 116, 121–22, 93 A.3d 66 (2014). "Although [this] court may not supplant its own conclusions for those of the board, the court retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal, or an abuse of discretion." (Internal quotation marks omitted.) *Arcano* v. *Board of Education*, 81 Conn. App. 761, 765, 839 A.2d 589 (2004).

The plaintiff claims that the board improperly affirmed the commissioner's corrected finding and award because the commissioner abused his discretion by correcting his award of attorney's fees from $1481 to $1 in his ruling on the plaintiff's motion to correct.[5] Given the commissioner's frank admission that he "[did] not have a factual basis in the record for the award

[he] made" in favor of the plaintiff, we disagree.

The commissioner noted that the plaintiff, himself, pointed out in his motion to correct that he failed to offer any proof of attorney resources expended on account of the defendants' unreasonable contest of the temporary partial benefits, and it was the plaintiff's burden to present such evidence. The commissioner found that "the [plaintiff] did not submit any evidence as to the number of hours his attorneys spent on the case, the number of hours his attorneys claim to have been expended due to the fault or neglect of the respondent, or the proper hourly rate at which any such time should be compensated." "[W]hen a court is presented with a claim for attorney's fees, the proponent must present to the court at the time of trial . . . a statement of the fees requested and a description of services rendered. Such a rule leaves no doubt about the burden on the party claiming attorney's fees . . . ." (Footnote omitted.) *Smith* v. *Snyder*, 267 Conn. 456, 479, 841 A.2d 742 (2004). The plaintiff's bare request for attorney's fees was inadequate under this standard, and the commissioner properly corrected the award to $1.

The plaintiff argues that the commissioner penalized him for filing a motion to correct by changing the award of attorney's fees. It is, however, within the commissioner's discretion to award a party attorney's fees pursuant to the findings of fact. See *McFarland* v. *Dept. of Developmental Services*, 115 Conn. App. 306, 323, 971 A.2d 853, cert. denied, 293 Conn. 919, 979 A.2d 490 (2009). The commissioner corrected the award of attorney's fees because "the figure of $1480 was based on a presumed hourly rate for which there is no evidence in the record." It was also within the commissioner's discretion to deny the plaintiff's request for a future hearing on the amount awarded. "A party to a compensation case is not entitled to try his case piecemeal, to present a part of the evidence reasonably available to him, and then, if he loses, have a rehearing to offer [evidence] he might as well have presented at the original hearing." *Kearns* v. *Torrington*, 119 Conn. 522, 529, 177 A. 725 (1935). The commissioner noted in his articulation that "[o]n the first day of the formal hearing the [plaintiff's] attorney specifically articulated Section 31-300 attorney's fees as one of the issues the [plaintiff] was going to prove." The commissioner found that the plaintiff cannot now go back and prove the issue of attorney's fees when "there was nothing to keep the [plaintiff] from putting forth his evidence on this point prior to the closing of the record at the third session."

On appeal, the board found that the commissioner, in correcting the amount of attorney's fees awarded, reasonably reached his decision based on the record before him. The board emphasized that it is within the commissioner's discretion to correct his finding in order for it to *conform to the record*. "Such sanctions [typi-

cally] have been set aside on appeal primarily when there were due process concerns . . . or *when the factual predicate to sustain sanctions could not [be] ascertained from the record.*" (Emphasis added.) Here, the board properly affirmed the commissioner's correction because both the commissioner and the plaintiff concede that the factual predicate to sustain the $1481 attorney's fees award could not be found in the record.

The board concluded that "[although] the results herein may be disappointing to the [plaintiff], the decision is not irrational or arbitrary, especially given the broad discretion trial commissioners are afforded . . . to address appropriateness of sanctions." This court "will not change the finding of the commissioner unless the record discloses that the finding includes facts found without evidence or fails to include material facts which are admitted or undisputed. . . . Similarly, [t]he decision of the [board] must be correct in law, and it must not include facts found without evidence or fail to include material facts which are admitted or undisputed." (Citation omitted; internal quotation marks omitted.) *Brinson* v. *Finlay Bros. Printing Co.*, 77 Conn. App. 319, 324, 823 A.2d 1223 (2003). The commissioner's reconsideration of his prior finding and award and ultimate correction of the award of attorney's fees falls within the bounds of his inherent authority. We, therefore, conclude that the commissioner did not abuse his discretion in correcting his award of attorney's fees on the basis of the record and that the board reasonably affirmed his finding and award.

The decision of the Workers' Compensation Review Board is affirmed.

In this opinion the other judges concurred.

[1] The insurer for Monro Muffler Brake, Inc., at the time plaintiff filed his claim was Travelers Insurance Company. Accordingly, we refer to Monro Muffler Brake, Inc., and Travelers Insurance Company as the defendants in this opinion.

[2] In awarding the plaintiff attorney's fees, the commissioner presumed a reasonable hourly rate of $185 which he multiplied by eight hours spent at the formal hearing and a deposition, plus $1 nominal damages for the defendants' undue delay.

[3] General Statutes § 31-300 provides in relevant part: "In cases where, through the fault or neglect of the employer or insurer, adjustments of compensation have been unduly delayed, or where through such fault or neglect, payments have been unduly delayed, the commissioner may include in the award interest at the rate prescribed in section 37-3a and a reasonable attorney's fee in the case of undue delay in adjustments of compensation and may include in the award in the case of undue delay in payments of compensation, interest at twelve per cent per annum and a reasonable attorney's fee. . . ."

[4] The plaintiff proposed that the commissioner should order a future hearing to determine the appropriate amount of attorney's fees pursuant to § 31-300 and did not specify the amount of fees requested.

[5] The plaintiff also claims that the board erred in failing to conclude that the defendants improperly discontinued the plaintiff's temporary partial disability benefits in violation of General Statutes § 31-296 (b). The plaintiff failed to articulate this claim in his appeal to the board and the board did not address it in its opinion. The claim was not properly preserved for subsequent review by the Appellate Court. This court is not bound to consider claims not properly raised before the board. Practice Book § 60-5. We therefore, decline to address this claim.